No. 102,594

STATE OF KANSAS, *Appellee*, v. RANELL N. TURNER, *Appellant*.

(272 P.3d 19)

Opinion filed March 9, 2012.

*Lydia H. Krebs*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, and *Derek Schmidt*, attorney general, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Steve Six*, former attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: In this appeal we again confront a question of overlapping and conflicting sentencing statutes. Because we conclude that two sentencing statutes, equally specific and both applying to the defendant's circumstances, are inconsistent in the harshness of the penalties they impose, we vacate the sentence and remand for imposition of a lesser sentence.

Prior to the convictions that are the subject of this appeal, the defendant, Ranell N. Turner, was convicted in Illinois for rape and deviant sexual assault and convicted in Kansas for rape and aggravated criminal sodomy. In March 2009, a jury convicted him of two counts of rape, K.S.A. 21-3502(a)(1)(A), two counts of aggravated criminal sodomy, K.S.A. 21-3506(a)(3)(A), two counts of criminal threat, K.S.A. 21-3419(a)(1), and one count of kidnapping, K.S.A. 21-3420. He now appeals his sentence of life imprisonment without parole.

At sentencing, the district court classified Turner as an aggravated habitual sex offender based on his record of sexually violent crimes and sentenced him to life imprisonment without parole for the rape and aggravated criminal sodomy convictions under K.S.A. 21-4642. The court also imposed a 61-month prison sentence for the kidnapping conviction and two 7-month prison sentences for the criminal threat convictions, all to run concurrent with his life sentence.

Turner initially challenges his sentence under the aggravated habitual sex offender statute, K.S.A. 21-4642. When appellate arguments implicate issues relating to statutory and constitutional interpretation, this court exercises unlimited review. *State v. Ballard*, 289 Kan. 1000, 1006, 218 P.3d 432 (2009).

In relevant part, K.S.A. 21-4642 reads:

"(a) An aggravated habitual sex offender shall be sentenced to imprisonment for life without the possibility of parole. Such offender shall spend the remainder of the offender's natural life incarcerated and in the custody of the secretary of corrections. An offender who is sentenced to imprisonment for life without the possibility of parole shall not be eligible for parole, probation, assignment to a community correctional services program, conditional release, postrelease supervision, or suspension, modification or reduction of sentence.

. . . .

"(c) As used in this section:

(1) 'Aggravated habitual sex offender' means a person who, on and after July 1, 2006: (A) Has been convicted in this state of a sexually violent crime, as described in paragraphs (3)(A) through 3(J) or (3)(L); and (B) prior to the conviction of the felony under subparagraph (A), has been convicted on at least two prior conviction events of any sexually violent crime.

(2) 'Prior conviction event' means one or more felony convictions of a sexually violent crime occurring on the same day and within a single count.

These convictions may result from multiple counts within an information or from more than one information. . . .

(3) 'Sexually violent crime' means:

(A) Rape, K.S.A. 21-3502, and amendments thereto;

. . . .

(E) aggravated criminal sodomy, K.S.A. 21-3506, and amendments thereto. . . ."

It is not disputed that Turner qualified for sentencing under K.S.A. 21-4642. He had two prior conviction events for rape and one prior conviction event for aggravated criminal sodomy and for deviant sexual assault. These are sexually violent crimes under K.S.A. 21-4642(c)(3). He was convicted of multiple counts of rape and criminal sodomy in the present case. When viewed in isolation from the rest of the criminal code, then, K.S.A. 21-4642 required the district court to sentence him to life imprisonment without parole.

Turner contends, however, that two other statutes also govern his convictions and sentences. We will begin our analysis with his claim that the general nondrug crime sentencing guidelines statute, K.S.A. 21-4704, should govern his sentences. This statute sets out the penalties for nondrug crimes, to which severity levels have been assigned.

K.S.A. 21-3502 defines rape and provides various severity levels. Turner does not dispute that his offense fell under 21-3502(a)(1)(A), which is a severity level 1, person felony under 21-3502(c). Because he had a criminal history classification of A, Turner was subject to a sentencing grid range of 592 months (mitigated) to 620 months (standard) to 653 months (aggravated) under K.S.A. 21-4704(a). In the absence of other statutes that create exceptions to the grid sentence, Turner's crimes of conviction would fit the requirements of a gridbox 1-A sentence.

Turner argues that when the legislature allows two conflicting statutory provisions to coexist, the rule of lenity applies and the courts must follow the statutory provision more favorable to the accused. See *State v. Horn*, 288 Kan. 690, 693, 206 P.3d 526 (2009).

This case is distinguishable from *Horn*. Most notably, each of the statutory provisions at issue in *Horn* expressly outlined the sen-

tencing guidelines for the same anticipatory crime of attempt. The two sentencing provisions at issue in the present case are not identical. K.S.A. 21-4704 provides the guidelines to be employed when imposing the sentence for an individual convicted of a felony in general, and K.S.A. 21-4642 goes one step further and establishes the precise mandatory sentence for violent sexual offenders who have been convicted of a particular sex crime and have a history of committing acts that are similarly dangerous and sexually deviant.

We construe statutes in such a way as to avoid unreasonable results, and we presume that the legislature does not intend to enact meaningless or redundant legislation. *Cochran v. Kansas Dept. of Agriculture*, 291 Kan. 898, 903-04, 249 P.3d 434 (2011); *Hawley v. Kansas Dept. of Agriculture*, 281 Kan. 603, 631, 132 P.3d 870 (2006). When statutes overlap and produce inconsistent results, we may turn to the canon of construction providing that a specific statute controls over a more general statute. *State v. Chavez*, 292 Kan. 464, 466, 254 P.3d 539 (2011); *Horn*, 288 Kan. at 692; *In re K.M.H.*, 285 Kan. 53, 82, 169 P.3d 1025 (2007). As this court recently explained:

" 'It is a cardinal rule of law that statutes complete in themselves, relating to a specific thing, take precedence over general statutes or over other statutes which deal only incidentally with the same question, or which might be construed to relate to it. Where there is a conflict between a statute dealing generally with a subject, and another dealing specifically with a certain phase of it, the specific legislation controls in a proper case. [Citations omitted.]' " *Cochran*, 291 Kan. at 907 (quoting *Chelsea Plaza Homes, Inc. v. Moore*, 226 Kan. 430, 432, 601 P.2d 1100 [1979]).

K.S.A. 21-4642 is clearly more specific than K.S.A. 21-4704. K.S.A. 21-4704 is a sentencing statute of general application, encompassing nondrug gridbox felonies. K.S.A. 21-4642 goes a step further in outlining a particular sentence for the distinct category of aggravated habitual sex offenders who are convicted of an offense from a narrowly drawn list of crimes designated as sexually violent and whose criminal history reveals at least two prior conviction events for crimes from that same list.

K.S.A. 21-4642 is a sentencing statute complete in itself, which takes precedence over sentencing statutes like K.S.A. 21-4704 that

deal only incidentally with the same question. When there is a conflict between a statute dealing generally with a subject, like K.S.A. 21-4704, and another dealing specifically with a certain phase of it, like K.S.A. 21-4642, the specific legislation controls. *Cochran*, 291 Kan. at 907.

Because K.S.A. 21-4642 is complete in itself and is more specific than K.S.A. 21-4704, it controls over the general sentencing provisions of K.S.A. 21-4704.

The issue of specificity is more problematic, however, when we compare K.S.A. 21-4642 with K.S.A. 21-4704(j), which addresses the sentencing of persistent sex offenders. Turner argues that, because he qualifies both as an "aggravated habitual sex offender" under K.S.A. 21-4642(c)(1) and as a "persistent sex offender" under K.S.A. 21-4704(j)(2), the court should have imposed the more lenient sentence prescribed by K.S.A. 21-4704.

K.S.A. 21-4704(j) reads:

"(1) The sentence for any persistent sex offender whose current convicted crime carries a presumptive term of imprisonment shall be double the maximum duration of the presumptive imprisonment term. The sentence for any persistent sex offender whose current conviction carries a presumptive nonprison term shall be presumed imprisonment and shall be double the maximum duration of the presumptive imprisonment term.

"(2) Except as otherwise provided in this subsection, as used in this subsection, 'persistent sex offender' means a person who: (A)(i) Has been convicted in this state of a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto; and (ii) at the time of the conviction under paragraph (A)(i) has *at least one conviction* for a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto in this state or comparable felony under the laws of another state, the federal government or a foreign government; or (B)(i) *has been convicted of rape*, K.S.A. 21-3502, and amendments thereto; and (ii) at the time of the conviction under paragraph (B)(i) has at least one conviction for rape in this state or comparable felony under the laws of another state, the federal government or a foreign government. (Emphasis added.)

"(3) Except as provided in paragraph (2)(B), the provisions of this subsection shall not apply to any person whose current convicted crime is a severity level 1 or 2 felony."

Under K.S.A. 21-4642(c)(1), an aggravated sex offender is anyone who has been convicted of "a sexually violent crime" and who has at least two prior convictions of any sexually violent crimes.

Under K.S.A. 21-4704(j), a persistent sex offender generally means a person who has been convicted "of a sexually violent crime" and who has "at least one conviction of a sexually violent crime" or "has been convicted of rape" and has at least one prior conviction for rape in Kansas or another state.

Turner met the definition of a persistent sex offender, and he also met the definition of an aggravated habitual sex offender. Under both definitions the defendant must be convicted of a sexually violent crime as defined in K.S.A. 22-3717. In addition, in order to be sentenced as a persistent sex offender, the defendant must have previously had "at least one conviction" for rape or some other specific sex-related crime. K.S.A. 21-4704(j)(2). In order to be sentenced as an aggravated habitual sex offender, the defendant must have previously had "at least two prior conviction events" for specific sex-related crimes. K.S.A. 21-4642(c)(1). The difference between the definitions in this regard is slight. Both have no upper limit for prior convictions, but the aggravated habitual sex offender *must* have at least two prior convictions, while the persistent sex offender qualifies with just one. The legislature did not, however, choose to distinguish the status of the two offenders precisely. The legislature could have drafted the persistent offender statute to be limited to those offenders who had one and only one prior conviction for a sex crime, but it elected instead to use the words "at least one," indicating that the statute also applies to an offender who has two or more prior convictions for sex crimes. See K.S.A. 21-4704(j)(2). This results in a nearly exact overlap between the two statutes. While the minimum number of requisite prior convictions makes these statutes distinguishable, it does not necessarily follow that one is more specific than the other.

Even if we could conclude that the higher number of prior convictions required by K.S.A. 21-4642(c) elevates its level of specificity over K.S.A. 21-4704(j), there are other reasons for construing K.S.A. 21-4704 to be the more specific statute, particularly in the context of Turner's present rape convictions. Even if a defendant has at least one previous conviction for a sexually violent crime, K.S.A. 21-4704 does not apply if the current crime of conviction is rape and unless the defendant has one previous conviction for rape.

Because Turner's present crimes of conviction include two counts of rape, and he has two previous convictions for rape, the exception contained in K.S.A. 21-4704(j)(3) applies. K.S.A. 21-4642, on the other hand, is not specific to individuals who are convicted of rape and who have prior rape convictions. Instead, it can apply generally to offenders convicted of any 1 of 10 different "sexually violent crimes," such as indecent liberties with a child or aggravated sexual battery. From this perspective, K.S.A. 21-4704 is the more specific statute and should control with respect to the sentences imposed for the two counts of rape.

The rape for which Turner was convicted is a severity level 1 person felony. He therefore qualifies as a persistent sex offender under K.S.A. 21-4704(j)(2)(B), but not under 21-4704(j)(2)(A). K.S.A. 21-4704(j)(2)(B) is specific to the crime of rape: it applies narrowly to an individual whose present crime of conviction is rape and who had at least one prior conviction for rape. The legislature saw fit to specify convictions for rape as a special subcategory for persistent sex offenders, even though defendants under paragraph (B) also qualify under paragraph (A). Courts are to presume that the legislature does not intend to enact meaningless or redundant legislation. *Cochran*, 291 Kan. at 903. The fact that the legislature singled out the crime of rape under K.S.A. 21-4704(j)(2)(B) suggests that it is more specific than K.S.A. 21-4642.

Resolution of this issue turns on which statute is more specific. Because we cannot apply consistent rules of statutory construction to determine which is more specific, we are unable to ascertain which statute the legislature intended the courts to apply under the circumstances of this case. Any reasonable doubt about the meaning of criminal statutes resulting from the existence of conflicting statutory provisions must be decided in favor of anyone who is subjected to those criminal statutes. *Horn*, 288 Kan. at 693. The rule of lenity requires that Turner be sentenced under K.S.A. 21-4704(j), and this case must be remanded to the district court with directions to impose the lesser sentence.

Turner also argues that his sentence is unconstitutional because it allows a district court to make findings regarding a defendant's prior conviction events, which he contends are factual findings that

must be presented to the jury under *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). We have repeatedly rejected arguments of this nature, and Turner presents no new arguments suggesting that this court should revisit those decisions. See *Chavez*, 292 Kan. at 470-71; *State v. Johnson*, 286 Kan. 824, 851-52, 190 P.3d 207 (2008); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We decline to reverse the positions we have taken in those decisions.

The sentence imposed under K.S.A. 21-4642 is vacated, and the case is remanded for imposition of sentence under K.S.A. 21-4704(j).