NOT DESIGNATED FOR PUBLICATION

No. 113,065

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY LYNN LAGO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed December 18, 2015. Affirmed in part, reversed in part, and vacated in part.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Amber R. Norris*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., GARDNER, J., and BURGESS, S.J.

*Per Curiam*:  The Butler County District Court misapplied the specific provision of the forgery statute imposing fines for that criminal offense. Because Defendant Larry Lago forged a document having no actual or purported monetary value, he could not have been fined $2,500—the maximum permitted under K.S.A. 2014 Supp. 21-5823(b)(4)—or any other amount. We, therefore, reverse in part the district court and vacate the fine. As we explain, no purpose would be served in remanding for further proceedings.

Less than a month after his divorce became final in late 2011, Lago submitted an application for a life insurance policy on his ex-wife that would name him as beneficiary.

1

Lago forged his ex-wife's signature on the application. He later submitted other falsified information to the insurance company. The company duly issued a $30,000 policy on Lago's ex-wife. Someone forged her name on a receipt for the policy, and Lago began paying the premiums.

Lago's ex-wife apparently found out about the policy and signed an affidavit in late 2012 stating she had nothing to do with obtaining the policy and had not authorized anyone to act on her behalf in obtaining it. The issuing company cancelled the policy and refunded the premiums to Lago's ex-wife.

The State criminally prosecuted Lago in 2013, and he pled guilty to one count of forgery in violation of K.S.A. 2014 Supp. 21-5823(a)(1), a severity level 8 nonperson felony. An amended complaint specifically identified the insurance policy application as the forged document and, thus, the basis for the plea. The State dismissed a companion charge for insurance fraud, criminalized in K.S.A. 2014 Supp. 40-2,118a. Lago had two forgery convictions from 1969. Under the sentencing provisions in K.S.A. 2014 Supp. 21-5823(b)(4) for repeat offenders, Lago had to serve at least 45 days behind bars as a condition of probation and to pay a fine of "the lesser amount of the forged instrument or $2,500."

The district court imposed a sentence of 12 months on Lago and placed him on probation for 18 months. Consistent with K.S.A. 2014 Supp. 21-5823(b)(4), the district court required Lago to serve 45 days of the 12-month sentence.

The assistant county attorney and Lago's trial lawyer sparred over the proper fine. Lago argued the insurance application had no value or amount, so the fine should be zero. The assistant county attorney contended that because the application was of indeterminate value and ultimately led to the issuance of a policy with a face amount of $30,000, Lago should face the maximum fine of $2,500. While acknowledging the

2

statutory language lent considerable force to Lago's argument, the district court found the circumstances of the forgery entailed "reprehensible behavior" calling for "serious penalties." The district court was understandably troubled because Lago made false representations "to put himself in a position to receive a $30,000 windfall from the death of another person" without that person's knowledge or consent. As the district court suggested, the circumstances smack of "sleaziness" and at least invite the implication that something eventually might have been done to trigger payment on the policy. The district court, therefore, exercised what it perceived to be its "discretion" to impose a $2,500 fine "to deter this [sort of] conduct."

For his principal issue on appeal, Lago has challenged the amount of the fine.

Broadly speaking, a district court exercises judicial discretion in fashioning a sentence for a given defendant in a given case. See K.S.A. 2014 Supp. 21-6804(e)(1); *State v. Knighten*, 51 Kan. App. 2d 417, 435, 347 P.3d 1200 (2015). A district court exceeds that discretion if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Essentially, Lago contends the district court misconstrued K.S.A. 2014 Supp. 21-5823(b)(4) in fixing the amount of the fine. Here, the pertinent facts are not in dispute. The efficacy of Lago's point turns on the proper interpretation of the statutory language and, therefore, presents a question of law over which we exercise unlimited review. See *State v. Turner*, 293 Kan. 1085, 1086, 272 P.3d 19 (2012); *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

In *State v. Raschke*, 289 Kan. 911, 922-23, 219 P.3d 481 (2009), the Kansas Supreme Court held that the recidivist sentencing provisions in K.S.A. 21-3710(b), the predecessor to the current forgery statute, were mandatory and, as a specific enactment, controlled over the statutes generally governing fines. The past and present forgery

3

statutes are materially the same, so *Raschke* remains good law. In turn, the district court had to apply K.S.A. 2014 Supp. 21-5823(b) to the exclusion of K.S.A. 2014 Supp. 21-6611, the general statute setting the maximum fines for offenses, and K.S.A. 2014 Supp. 21-6612, outlining criteria for determining whether to impose a fine in a given case and, if so, the amount. Those criteria tend to make fines a relatively uncommon form of punishment, but they afford a district court considerable latitude in setting the amount should a fine be warranted.

In applying the language of K.S.A. 2014 Supp. 21-5823(b)(4), we necessarily must be guided by settled principles of statutory construction. An appellate court's overriding consideration rests in determining the legislature's intent in enacting a statute. In construing statutory provisions, the appellate court is to gather the legislative purpose and intent from the language used and must give effect to that purpose and intent. *State v. Gracey*, 288 Kan. 252, 257-58, 200 P.3d 1275 (2009); *Hall v. Dillon Companies, Inc.*, 286 Kan. 777, 785, 189 P.3d 508 (2008). It is not the court's business or function to add to or take away from the language of a statute. And the court should not impose some meaning on a statute beyond what the words themselves convey through their common and usual definitions. *Gracey*, 288 Kan. at 257.

The forgery statute fixes the mandatory fine as the lesser of "the amount" of the forged document or $2,500. Here, the document was the insurance policy application. That is an uncommon document in a forgery prosecution. Typically, those cases involve checks passed for a stated amount or other negotiable instruments with readily discernable values. And, in those cases, the statute plainly requires a fine equal to the stated amount of the instrument if it is less than $2,500. So the defendant forging a $10 check should be fined $10. Although that may be a comparatively nominal amount, the legislature plainly meant to impose such a financial punishment in addition to a sentence of incarceration, whether the defendant serves the prison time or receives probation.

4

But the insurance policy application neither stated nor represented a financial value. Rather, it was simply a written request that the company make an offer of a contract of insurance—a request the company either could reject outright or could pursue by suggesting a policy in some face amount for a certain premium, an offer that Lago could then have declined. The crime, itself, was complete when Lago submitted the application with the forged signature of his ex-wife. Even if the insurance company did nothing more, Lago had committed forgery. And the forged application had no amount or value for purposes of fixing the amount of a fine. In this case, the statute called for a fine of $0. The district court had no discretion to impose a different fine.

While that superficially may seem anomalous, it isn't really much different from the nominal fine required for the person forging a $10 check. So a plain construction of the language doesn't result in an absurdity. Had the legislature wanted some other result, it easily could have written the governing provisions differently. For example, the fine for a recidivist forger could have been stated as the amount of the instrument but in no event less than $250 nor more than $2,500 (or other figures the legislature might deem appropriate to serve the deterrent purpose of the fine).

On appeal, the State reprises the arguments it advanced in the district court. We find them unavailing given the clear language of K.S.A. 2014 Supp. 21-5823(b)(4). The State concedes the application for the insurance policy has no stated amount in contrast to, say, a forged check. In the absence of a fixed or readily determinable amount, the State says the maximum fine ought to apply. But the statute doesn't naturally lend itself to such a reading. And the State's interpretation would contravene the rule of lenity. *State v. Coman*, 294 Kan. 84, Syl. ¶ 5, 273 P.3d 701 (2012) ("Under the rule of lenity, criminal statutes must be strictly construed in favor of the defendant."). The rule requires that "[a]ny reasonable doubt as to the meaning of a criminal statute" must go to the accused. 294 Kan. 84, Syl. ¶ 5. The State also argues that as Lago's plan unfolded, he fraudulently obtained an insurance policy with a face value of $30,000, so that amount should control.

But Lago was charged with forging the application. As we have said, the crime was complete at that point. The fine is necessarily driven by the amount or value of the forged document and not by events that may flow from or follow the forgery.

In sum, we find the district court misconstrued the statutory language governing fines contained in K.S.A. 2014 Supp. 21-5823(b)(4). The document Lago admitted forging had no amount or value, so the district court lacked any statutory basis to impose a fine of $2,500. We, therefore, reverse that ruling and vacate the fine. Because the proper measure under the forgery statute would have been a fine of $0, we see no point in remanding to the district court for further proceedings.

For his only other point on appeal, Lago contends the district court improperly considered his criminal history in imposing sentence. He argues that the trial court's use of his past convictions in determining an appropriate sentence impairs his constitutional rights because the fact of those convictions was not determined beyond a reasonable doubt by the jury. Lago relies on the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), to support that proposition. He also acknowledges the Kansas Supreme Court has rejected that argument and has found the State's current sentencing regimen conforms to the Sixth and Fourteenth Amendments to the United States Constitution with respect to the use of a defendant's past convictions in determining a presumptive statutory punishment. *State v. Fischer*, 288 Kan. 470, Syl. ¶ 4, 203 P.3d 1269 (2009); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We, therefore, decline his invitation to rule otherwise, especially in light of the Supreme Court's continuing affirmation of *Ivory*. *State v. Hall*, 298 Kan. 978, 991, 319 P.3d 506 (2014); *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013).

Affirmed in part, reversed in part, and fine vacated.