NOT DESIGNATED FOR PUBLICATION

No. 113,895

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TROY NELSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed November 18, 2016. Reversed and remanded with directions.

*Carl F.A. Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., LEBEN, J., and HEBERT, S.J.

*Per Curiam*:  Defendant Troy Nelson has appealed the Sedgwick County District Court's denial of his motion to correct illegal sentences in two cases based on the misclassification of a burglary conviction as a person felony rather than a nonperson felony in determining his criminal history. The district court erred. We reverse and remand for further proceedings.

In 1997, Nelson pleaded guilty to and was convicted of criminal damage to property. He received a 15-month prison sentence based in part on the classification of

1

his 1990 burglary conviction as a person felony for criminal history purposes. In 2002, Nelson was convicted of several crimes and received a controlling 228-month sentence, again based, in part, on the 1990 burglary conviction being treated as a person felony in scoring his criminal history.

In 2014, Nelson filed motions to correct illegal sentences in those cases on the grounds the 1990 burglary conviction should have been scored as a nonperson felony, resulting in a lower presumptive sentence in each case. The district court denied the motions, and Nelson has appealed. The cases have been consolidated for resolution.

The appeal presents a question of law, since the relevant facts are undisputed and the issue entails the interpretation of K.S.A. 22-3504(1), the statute governing correction of illegal sentences. See *State v. Turner*, 293 Kan. 1085, 1086, 272 P.3d 19 (2012) (interpretation of statute presents question of law); *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 258-59, 261 P.3d 943 (2011) (when controlling facts undisputed, issue presents question of law). We, therefore, exercise unlimited review.

In *State v. Dickey*, 301 Kan. 1018, 1039-40, 350 P.3d 1054 (2015) (*Dickey I*), the Kansas Supreme Court held that a conviction for burglary under the statutory definition of the crime in place before adoption of the sentencing guidelines in 1993 generally should be scored as a nonperson felony for criminal history purposes. A burglary could be treated as a person felony only if the crime involved a dwelling—a case-specific factual finding that would have to be made by a jury rather than the district court, consistent with a criminal defendant's right to jury trial preserved in the Sixth Amendment to the United States Constitution as outlined in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Here, the State agrees that if *Dickey I* applies, Nelson's 1990 burglary conviction should have been scored as a nonperson felony. But the State argues that because *Dickey*

2

*I* was a direct appeal, its holding cannot be extended to a motion to correct an illegal sentence filed after the criminal case has otherwise been concluded. The State asserts three bases for its position: (1) Nelson's challenge is effectively an attack on the constitutionality of his sentence and, therefore, may not be raised in a motion to correct an illegal sentence under K.S.A. 22-3504(1); (2) the challenge is barred by res judicata because it could have been and was not raised in a direct appeal; and (3) the rule in *Dickey I* should not be applied retroactively. The arguments are unavailing.

After the parties fully briefed this case, the Kansas Supreme Court considered and rejected each of those arguments in *State v. Dickey*, 305 Kan. ___, 380 P.3d 230 (2016) (*Dickey II*). In *Dickey II*, Dickey filed motions to correct as illegal sentences imposed on him that classified his preguidelines burglary conviction as a person felony rather than a nonperson felony for criminal history purposes. The district court denied Dickey relief, and he appealed. The Kansas Supreme Court reiterated its rule that a motion to correct an illegal sentence may not be used to assert direct constitutional attacks on a sentence but characterized the classification of the burglary conviction as a question of statutory interpretation bearing on the proper computation of a defendant's criminal history. *Dickey II*, 380 P.3d at 232-33. The application of *Apprendi*, therefore, amounted to a subsidiary constitutional issue that did not preclude review under K.S.A. 22-3504(1). *Dickey II*, 380 P.3d at 233-34.

In *Dickey II*, the court also rejected the State's arguments that the rule of *Dickey I* should not be applied retroactively and that res judicata barred Dickey's attack on his criminal history. Because a motion to correct an illegal sentence may be brought "at any time," as provided in K.S.A. 22-3504(1), the court held neither res judicata nor retroactivity principles precluded Dickey's challenge. *Dickey II*, 380 P.3d at 233-34.

3

In short, *Dickey II* controls and largely disposes of this case. The district court erred in denying Nelson's motions to correct illegal sentences. We, therefore, reverse and remand for further proceedings.

As to the 2002 convictions, Nelson should be resentenced based on a criminal history score classifying his 1990 burglary conviction as a nonperson felony.

As to the 1997 conviction, information submitted to the Clerk of the Appellate Courts outside the record on appeal indicates Nelson has completed his sentence. On remand, the district court should determine whether Nelson has been discharged. If so, Nelson's challenge to the 1997 conviction presumably would be moot and should be dismissed. If not, the district court needs to determine whether *Dickey II* applies to Nelson's 1997 conviction. Because the rule in *Dickey II* derives directly from *Apprendi*, it applies to criminal cases that were pending when *Apprendi* was decided or were filed after that decision. But *Apprendi* itself has not been applied to criminal cases that were already final, so the rule in *Dickey II* does not. See *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001) (*Apprendi* not given retroactive application to determination of aggravating factors enhancing sentence); *State v. Martin*, 52 Kan. App. 2d 474, 484, 369 P.3d 959 (2016) (rule of *Dickey I* applicable to cases arising after *Apprendi*); *State v. Hopkins*, No. 114,300, 2016 WL 4735093, at *2 (Kan. App. 2016) (unpublished opinion) (rule of *Dickey I* applies in criminal cases pending when *Apprendi* decided or filed thereafter). If Nelson's 1997 case were final before *Apprendi* was announced on June 26, 2000, he is not now entitled to any relief. Otherwise, Nelson should be resentenced on the 1997 conviction using a criminal history determined in conformity with *Dickey II*.

Reversed and remanded with directions.