NOT DESIGNATED FOR PUBLICATION

No. 116,947

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHERYL L. APPLEGATE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed January 26, 2018. Affirmed in part, vacated in part, and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: After pleading guilty to a reduced theft charge for embezzling from her employer, Defendant Cheryl Applegate disputes both the amount of restitution the Sedgwick County District Court ordered her to pay as exceeding what's legally permitted for the crime of conviction and the 60-month period of probation the district court imposed on her as inconsistent with the governing statute. As to the first, Applegate's assertion is meritless, especially given the terms of her plea agreement. On the second, however, we find the district court misapplied K.S.A. 2016 Supp. 21-6608 and should

1

have imposed a 12-month period of probation that could be extended so long as restitution remains unpaid. We, therefore, affirm in part, vacate in part, and remand with directions to resentence Applegate consistent with this opinion.

The salient facts may be briefly stated. Applegate, during her tenure as office manager, stole about $165,000 from a Wichita company that does electrical contracting work. After the embezzlement was uncovered, the district attorney's office charged Applegate with theft of property worth between $25,000 and $100,000, a severity level 7 nonperson felony. Applegate worked out a plea arrangement with the district attorney's office under which she agreed to plead guilty to one count of theft of property worth between $1,000 and $25,000, a severity level 9 nonperson felony, and further agreed the State would not be limited to $25,000 in asking for restitution in conjunction with her sentencing. Applegate and the district attorney's office agreed the district court would determine the amount of restitution in an evidentiary hearing.

At the plea hearing, the district court went over the agreement between Applegate and the district attorney and secured the parties' assent to it. The district court accepted Applegate's plea to the reduced charge and found her guilty.

In October 2016, the district court held a sentencing hearing and considered evidence on the amount of restitution. As we have indicated, the district court determined the amount Applegate stole and found that audit costs the company incurred in determining the loss should be included as restitution. The district court also took account of an insurance payment that covered a comparatively small portion of the loss. Ultimately, the district court determined that Applegate would have to pay about $171,000 to make the company whole for the financial harm it suffered. The district court also carefully evaluated Applegate's job skills and employment possibilities, along with her assets and other liabilities. The district court concluded $171,000 reflected an unworkable amount and ordered Applegate to pay $72,000 in restitution to her former

2

employer. Given the sizeable restitution order, the district court concluded it had the statutory authority under K.S.A. 2016 Supp. 21-6608 to place Applegate on probation for 60 months.

Applegate has appealed and asserts two points: (1) The crime of conviction does not permit a restitution award of more than $25,000, since that is the upper limit of the range of loss for a severity level 9 theft; and (2) the 60-month probation period does not conform to the requirements of K.S.A. 2016 Supp. 21-6608. We take up the issues in that order.

We perceive no disputed facts bearing on either point, so both of them present questions of law. We, therefore, owe no particular deference to the district court's rulings. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010) (appellate court exercises unlimited review over questions of law); *State v. Bennett*, 51 Kan. App. 2d 356, 361, 347 P.3d 229 (2015) (when material facts undisputed, issue presents question of law).

For her first point, Applegate contends the restitution amount cannot exceed $25,000, since severity level 9 theft entails a loss of property between $1,500 and that amount. See K.S.A. 2016 Supp. 21-5801(b)(3). We doubt the premise of the argument, but Applegate's position falters for another reason: A defendant may agree to pay restitution for losses not directly associated with the crime of conviction. *State v. Dexter*, 276 Kan. 909, Syl. ¶ 3, 80 P.3d 1125 (2003); *State v. Hawkins*, No. 114,809, 2016 WL 4499384, at *2 (Kan. App. 2016) (unpublished opinion) (recognizing rule of *Dexter*). Here, Applegate agreed as part of the plea arrangement resulting in the reduction of the charge against her that the State could ask for more than $25,000 in restitution and the district court would be expected to conduct a hearing to determine the appropriate amount. The agreement brought Applegate within the rule of *Dexter* and allowed the district court to order restitution of more than $25,000. As a secondary argument,

Applegate contends that plea agreement did not have that effect. The argument is meritless.

We, therefore, affirm the restitution order in the amount of $72,000. Before moving on, we point out that we have not considered and do not decide whether the restitution order would have been proper absent the plea agreement. As we have indicated, we question whether a plea to a severity level 9 theft necessarily limits restitution to the range of monetary loss establishing that severity level. But we leave the answer for another case.

For her second point, Applegate contends the district court erred in placing her on a 60-month probation. We agree. This issue turns on the interpretation of the statute governing probation and other forms of noncustodial punishment. K.S.A. 2016 Supp. 21-6608. Judicial construction of a statute presents a question of law we consider without deference to the district court. *State v. Turner*, 293 Kan. 1085, 1086, 272 P.3d 19 (2012).

As provided in K.S.A. 2016 Supp. 21-6608(c)(3), a district court "shall order" a defendant to be placed on probation for up to 12 months for a severity level 9 or 10 nondrug felony conviction. That provision applies to Applegate, and the mandatory language of the subsection contrasts with more permissive language in subsections for other crimes that include "recommended" probation periods. But K.S.A. 2016 Supp. 21-6608(c)(5) contains a general exception permitting a longer period of probation if the district court makes specific findings that the extension either serves "the welfare" of the defendant or avoids "jeorpardiz[ing]" the public safety. Here, the district court imposed the 60-month probation for the simple reason that Applegate, given her circumstances, could not reasonably be expected to pay all of the restitution any sooner. Although the district court's conclusion may have been sound, it did not invoke considerations based on public safety or Applegate's welfare.

4

Our position is bolstered by K.S.A. 2016 Supp. 21-6608(c)(7) that provides: "If the defendant is ordered to pay full or partial restitution, the [probation] period may be continued as long as the amount of restitution ordered has not been paid." Subsection (c)(7) specifically addresses the payment of restitution and its relationship to probation and, therefore, directly applies here. As a matter of statutory construction, the specific commonly governs over the more general. *Merryfield v. Sullivan*, 301 Kan. 397, Syl. ¶ 1, 343 P.3d 515 (2015). Here, that canon properly aligns subsection (c)(5) with subsection (c)(7) and favors our application of (c)(7) to Applegate's case. In turn, the statutory language itself readily invites a reading that the usual period of probation should be initially ordered and that period may later be extended—or "continued" in the wording of subsection (c)(7)—if a defendant has not paid all of the restitution. We, therefore, find the district court erred as a matter of law in imposing a 60-month period of probation on Applegate.

We affirm the district court's restitution order in the amount of $72,000, vacate the district court's imposition of probation on Applegate for 60 months, and remand for the district court to impose probation consistent with K.S.A. 2016 Supp. 21-6608(c)(3) and (c)(7).