No. 118,338

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VALERIE S. BAKER,
*Appellant*.

SYLLABUS BY THE COURT

1.

K.S.A. 2017 Supp. 21-6608, governing the length of probation, and K.S.A. 2017 Supp. 21-6819(b)(8), governing probations in multiple conviction cases, are considered and applied when a defendant has been placed on probations of different lengths for separate crimes in a single case and the district court revokes after some but not all of the probation periods have been completed. In that circumstance, a defendant cannot be required to serve the prison sentence for any conviction on which the probation period ended before revocation proceedings had been initiated.

2.

Probation is tied to a conviction for a particular charge or crime. In a multiple conviction case, a district court must impose a specific term of probation for each conviction. Under K.S.A. 2017 Supp. 21-6819(b)(8), terms of probation cannot be imposed consecutively in a single case.

3.

The rule of lenity requires that language in criminal statutes open to more than one reasonable interpretation be applied to the defendant's advantage.

1

4.

The canon of in pari materia directs that statutes applicable to the same subject be interpreted in a way that harmonizes their language and operation consistent with legislative intent.

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed August 24, 2018. Reversed and vacated.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and LORI BOLTON FLEMING, District Judge, assigned.

ATCHESON, J.: The rule of lenity requires that ambiguous criminal statutes be read in favor of defendants. Valerie S. Baker gets the benefit of that rule here. As a result, we find the Johnson County District Court erred in ordering Baker to serve prison sentences on two forgery convictions, since she had already completed her probation on them even though she remained on a longer probation for a related theft conviction. We, therefore, reverse the district court's revocation of the forgery probations and vacate those prison sentences.

BACKGROUND FACTS AND PROCEDURAL HISTORY

The underlying facts may be briefly sketched. Baker has been caught and prosecuted for serially embezzling from three employers—bad behavior apparently fueled, at least in part, by compulsive gambling. In the first case, Baker stole about

2

$29,000. She was convicted in 1997, placed on probation, and ordered to pay restitution. Baker still owed a significant amount of restitution a decade later. In the second case—the one on appeal here—she embezzled nearly $100,000 from an insurance company over an extended time. As we discuss in more detail, Baker pleaded guilty to two counts of forgery and one count of theft in 2012 and was again placed on probation and ordered to pay restitution. In 2016, Baker was charged with and admitted to stealing from a third employer, causing the district court to revoke her probation in this case and to order her imprisonment on the forgery and theft convictions.

In this case, the district court gave Baker a nine-month prison sentence on each of the forgery convictions. Those are severity level 8 nonperson felonies. And the district court gave Baker a 19-month sentence on the theft conviction, a severity level 7 nonperson felony and the "primary crime" for sentencing purposes in this multiple conviction prosecution. See K.S.A. 2017 Supp. 21-6819 (sentencing in multiple conviction cases). At the hearing, the district court ordered Baker to serve the three prison terms consecutively and placed her on probation for 24 months. But the district court did not attach the 24-month probation to any particular conviction. The journal entry of judgment identifies a probation of 18 months on each forgery conviction and a probation of 24 months on the theft.

Nearly 24 months after the sentencing, the Johnson County District Attorney's office requested Baker's probation be revoked because she had paid little restitution. The district court revoked and reinstated Baker's probation and ordered she remain on probation until she paid the restitution.

In 2016, the district attorney's office again sought to revoke Baker's probation—this time based on her third embezzlement. At the revocation hearing in early 2017, Baker admitted the probation violation. Baker argued that she completed her 18-month probations and, thus, her sentences on the forgery convictions well before the State took

3

*any* action in this case to revoke her. So, she submitted, only the theft conviction remained active. The district court disagreed and reasoned that a unitary probation period of 24 months applied to the case and, therefore, each of the convictions. Based on Baker's continuing criminal conduct, the district court ordered that she serve the underlying sentences on the forgery and theft convictions, yielding a prison term of 37 months. Baker has appealed.

LEGAL ANALYSIS

On appeal, Baker does not dispute the revocation of her probation on the theft conviction or the district court's order that she serve the 19-month sentence for it. She reprises her argument that she completed her probations and sentences on the forgery convictions and could not have been sent to prison for them in 2017. The issue involves no disputed facts and turns on an interpretation of the relevant sentencing statutes. We have before us a question of law on which we owe no particular deference to the district court's ruling. *State v. Turner*, 293 Kan. 1085, 1086, 272 P.3d 19 (2012) (statutory construction presents question of law subject to unlimited review on appeal); *State v. Bennett*, 51 Kan. App. 2d 356, 361, 347 P.3d 229 (2015) (when material facts undisputed, issue presents question of law).

We begin our analysis with a review of the pertinent sentencing statutes. The milestones in Baker's prosecution guiding this issue on appeal appear across an extended timeline: According to the complaint, Baker committed the crimes of conviction between December 2009 and April 2011; she was charged in September 2011; she pleaded guilty in April 2012; she was sentenced in June 2012; and her probation was revoked, and she was sent to prison in February 2017. But the key statutory language has not changed in that time, although the Kansas Criminal Code was recodified in 2011, so the statutes have been renumbered. For convenience, we refer to the 2017 version of the code and dispense with the purely academic exercise of determining whether the code in effect when Baker

4

committed the crimes or was sentenced or was revoked and sent to prison technically governs. The legal analysis and result remain the same regardless.

As a general matter, probation is tied to a conviction for a particular charge or crime. It is defined as "a procedure under which a defendant, convicted of a crime, is released by the court after imposition of a sentence . . . , subject to conditions imposed by the court." K.S.A. 2017 Supp. 21-6603(g). In turn, "[w]henever any person has been found guilty of a crime, the court may . . . release the defendant on probation if the current crime of conviction and criminal history fall within a presumptive nonprison category or through a departure for substantial and compelling reasons." K.S.A. 2017 Supp. 21-6604(a)(3). In other words, probation entails judicially ordered relief from a sentence of incarceration imposed as punishment for a defendant's conviction of a specific criminal charge. A complaint and, thus, a case against a defendant may, of course, include more than one charged crime. K.S.A. 22-3202(a).

The term of probation for a conviction is governed by K.S.A. 2017 Supp. 21-6608. Pertinent here, Baker's theft conviction, as severity level 7 crime, carried a "recommended duration of probation" of 24 months. K.S.A. 2017 Supp. 21-6608(c)(1)(B). But the forgery convictions, as severity level 8 crimes, were treated differently. For a severity level 8 crime, the district court "shall order . . . a period of probation . . . of up to 18 months." K.S.A. 2017 Supp. 21-6608(c)(4). A district court may exceed the 18-month cap for a severity level 8 crime if it finds a longer probation would promote public safety or serve the defendant's welfare and identifies the reasons for the findings "with particularity." K.S.A. 2017 Supp. 21-6608(c)(5). A similar provision applies to severity level 9 and 10 crimes and caps probation at 12 months. K.S.A. 2017 Supp. 21-6608(c)(3).

As we have said, at the sentencing hearing, the district court simply placed Baker on probation for 24 months after announcing the sentences for the convictions. The

pronouncement was technically incomplete and should have included a period of probation for each of the three convictions. K.S.A. 2017 Supp. 21-6819(b)(8). The district court, however, could not have imposed a probation longer than 18 months on either of the forgery convictions without making the required statutory findings. It plainly did not. The journal entry of judgment offered the precision the district court lacked during the hearing and identified an 18-month probation period for each of the forgery convictions, in conformity with K.S.A. 2017 Supp. 21-6608(c)(4).

Finally, we turn to K.S.A. 2017 Supp. 21-6819, governing sentencing in cases involving multiple convictions. The statute—pivotal here—addresses nonprison sentences, including probation, this way:

> "If the sentence for the primary crime is a nonprison sentence, a nonprison term will be imposed for each crime conviction, but the nonprison terms shall not be aggregated or served consecutively even though the underlying prison sentences have been ordered to be served consecutively. Upon revocation of the nonprison sentence, the offender shall serve the prison sentences consecutively as provided in this section." K.S.A. 2017 Supp. 21-6819(b)(8).

The first sentence of that subsection requires the district court to impose a distinct period of probation for each conviction in a case like Baker's in which the primary crime includes probation. Moreover, that part of the statute precludes ordering consecutive periods of probation or otherwise aggregating the time.

We may reliably conclude Baker had to complete a probation of 18 months for each of the forgery convictions and each of those terms would run simultaneously with each other and with the 24-month probation she received on the theft conviction. All of that strongly suggests Baker completed her probation on the forgeries in early December 2013—well before the district attorney's office first sought to revoke her probation for unpaid restitution in May 2014. As provided in K.S.A. 2017 Supp. 22-3716(e), a district

6

court has 30 days after a probation period ends to notify a defendant of any apparent violation of the probation conditions. So the district court would have had to begin the process of revoking and extending Baker's probation on the forgery convictions for nonpayment of restitution (or some other reason) no later than January 2014. Because nothing happened until about four months later, Baker had completed the probation and sentence for each of the forgery convictions. All of those statutory provisions support the conclusion the district court could not have ordered Baker to serve any prison time on the forgeries when it revoked her probation in 2016. Only the sentence on the theft conviction remained uncompleted.

Arguably, however, the second sentence of K.S.A. 2017 Supp. 21-6819(b)(8) casts a shadow on that otherwise seemingly clear result. The phrase "the nonprison sentence" in that part of the subsection injects ambiguity. As a definite article, "the" would seem to refer to revocation of one particular sentence among the others in what, by definition, is a multiple conviction case. That part of the subsection then directs the defendant "shall serve the prison sentences consecutively," a plural reference to more than one sentence. The phrase could refer to the sentence for the primary crime, and so the subsection would ostensibly require the defendant to serve all of the prison sentences on all of the crimes. That construction would effectively override the provisions in K.S.A. 2017 Supp. 21-6608 capping probation periods for lower severity crimes, like the forgeries, if they were combined in one case with higher severity crimes for which the district court had imposed longer "recommended" probations. And it would ignore the sense of the first part of K.S.A. 2017 Supp. 21-6819(b)(8) contemplating separate probations, which could vary in length. Alternatively, the phrase simply could refer to the nonprison sentence being revoked, which presumably could or would trigger revocation of any other probations still in effect for other convictions in the multiple conviction case.

The second sentence of K.S.A. 2017 Supp. 21-6819(b)(8) may be based on an assumption the probation period for each crime in a multiple conviction case would be

7

the same. That is likely true in many (and perhaps most) instances. But it would not invariably be so, as this case illustrates. In short, K.S.A. 2017 Supp. 21-6819(b)(8) is susceptible to two conflicting readings—one favoring the position of the district attorney's office and one favoring Baker.

When the language of a criminal statute fosters a genuine ambiguity, the rule of lenity requires the courts to apply a reasonable reading favoring the defendant. *State v. Coman*, 294 Kan. 84, Syl. ¶ 5, 273 P.3d 701 (2012) ("Under the rule of lenity, criminal statutes must be strictly construed in favor of the defendant."); see *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). As a canon of construction, lenity directs that "[a]ny reasonable doubt as to the meaning of a criminal statute" must go to the accused. *Coman*, 294 Kan. 84, Syl. ¶ 5. The rule of lenity inures to Baker's benefit and confirms the argument that she had completed the probation and sentences on the forgeries before the district attorney's office ever sought to revoke her probation and long before the district court ordered her to prison.

A second canon—the concept of in pari materia interpretation—also supports Baker's position and underscores the reasonableness of applying the rule of lenity to K.S.A. 2017 Supp. 21-6819(b)(8). That canon calls for reading an ambiguous statute in a way that harmonizes its language and operation with related statutes. See *In re Estate of Rickabaugh*, 51 Kan. App. 2d 902, Syl. ¶ 6, 358 P.3d 859 (2015) ("The canon of in pari materia calls for related statutes to be construed in a harmonious way, reconciling apparent conflicts, if possible, to effectuate legislative intent."), *aff'd* 305 Kan. 921, 390 P.3d 19 (2017). As we have suggested, construing K.S.A. 2017 Supp. 21-6819(b)(8) to support incarcerating Baker on the forgery convictions some three years after she completed the probation periods on them would negate the operation of K.S.A. 2017 Supp. 21-6608(c)(3) and (c)(4) that establish fixed upper limits on probation periods for low severity level crimes. If K.S.A. 2017 Supp. 21-6819(b)(8) were applied that way, it would effectively extend the probation periods for those crimes to match the longest

8

probation period imposed in a multiple conviction case. We are disinclined to take that approach, since it both collides with the intent behind K.S.A. 2017 Supp. 21-6608(c) and runs counter to the in pari materia canon.

Had the Legislature intended that sort of modification of probation periods, it presumably would have chosen a more obvious means of achieving its desired outcome. For example, the Legislature could have included a specific exception to those probation caps in K.S.A. 2017 Supp. 21-6608(c)(5) for multiple conviction cases by conforming the probation periods for low felonies to the probation period for the primary crime of conviction or the longest probation period imposed. Such an exception would logically fit in K.S.A. 2017 Supp. 21-6608(c)(5), joining the exceptions for public safety and the defendant's welfare. The single cryptic sentence in K.S.A. 2017 Supp. 21-6819(b)(8) doesn't capture a similarly identifiable legislative intent.

In conclusion, we find Baker had already completed her probation and satisfied the sentence on each of the forgery convictions when the district court revoked her probation and ordered her to prison. Baker could be required to serve only the sentence on the theft conviction, which she had yet to complete.

We, therefore, reverse the district court's revocation of Baker's probations on the forgery convictions and vacate the resulting sentences of imprisonment for those convictions.