NOT DESIGNATED FOR PUBLICATION

No. 118,033

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLINTON J. DANSBY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC A. COMMER judge. Opinion filed October 12, 2018. Reversed and remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM:  Defendant Clinton J. Dansby contends the Sedgwick County District Court erroneously denied him a statutorily mandated nonprison punishment entailing intensive drug treatment. The district court received—but did not resolve— disputed evidence about Dansby's eligibility for such a program and otherwise made insufficient findings justifying its decision to send him to prison. We, therefore, reverse and remand to the district court for further proceedings.

1

The State charged Dansby in September 2015 with possession of methamphetamine and several other crimes. After Dansby was returned to Sedgwick County from a Colorado prison where he was serving a sentence, he and his lawyer worked out an arrangement with the State to resolve the charges. Dansby agreed to plead guilty to possession of methamphetamine, felony theft, and fleeing or attempting to elude a law enforcement officer. The State dismissed two other charges and agreed to recommend drug treatment if Dansby qualified under K.S.A. 2017 Supp. 21-6824, commonly known as SB 123 treatment. If Dansby were ineligible for SB 123 treatment, the State would recommend imprisonment.

The district court accepted Dansby's pleas in March 2017 and found him guilty of the three remaining charges. At a sentencing hearing three months later, the district court denied motions Dansby filed for dispositional and durational departures from the guidelines sentences. The district court also declined to impose a drug treatment punishment consistent with K.S.A. 2017 Supp. 21-6824 because it saw no way to insure Dansby would return to Kansas to undertake that treatment after completing his prison sentence in Colorado. So the district court ordered Dansby to serve a controlling 30-month prison sentence with a 12-month postrelease supervision term, reflecting a standard guidelines sentence for the methamphetamine conviction. Dansby has appealed the denial of his request for SB 123 drug treatment.

Defendants are generally eligible to be considered for SB 123 drug treatment based on their crimes of conviction and their criminal histories. K.S.A. 2017 Supp. 21-6824(a). A defendant meeting that initial eligibility standard is to undergo a "drug abuse assessment" and a "criminal risk-need assessment." If those assessments show the defendant to be at enhanced risk, he or she is subject to mandatory intensive drug treatment as a nonprison punishment. K.S.A. 2017 Supp. 21-6824(c). But certain defendants meeting those criteria remain ineligible for the statutory drug treatment option. Among those excluded are: (1) out-of-state residents returning to their home

2

states under either of two interstate compacts regulating the transfer and disposition of convicted criminals; and (2) those defendants who do not meet the risk assessment levels required in subsection (c). K.S.A. 2017 Supp. 21-6824(h)(1).

Given our resolution of the appeal, we are simply construing the statutory requirements for SB 123 drug treatment in light of the record compiled in the district court. Our review entails a question of law on which we owe no particular deference to the district court. *State v. Turner*, 293 Kan. 1085, 1086, 272 P.3d 19 (2012).

The record shows Dansby satisfied the initial step for SB 123 drug treatment based on the methamphetamine conviction and his criminal history. The record, however, does not disclose whether he underwent the two assessments looking at his potential for continued drug abuse and his criminal risk-need. At the sentencing hearing, Dansby presented evidence, including his mother's testimony, suggesting he may be a Kansas resident. The State controverted Dansby's evidence.

In rejecting Dansby's request for drug treatment, the district court cited none of the disqualifying criteria in K.S.A. 2017 Supp. 21-6824. The statutory language does not support the district court's reasoning that Dansby cannot participate in the drug treatment because there is no guarantee he would return to Kansas after completing his Colorado sentence. Having ruled on that basis, the district court never evaluated the statutory disqualifications. All we can say is the district court erred in refusing to place Dansby in a drug treatment program under K.S.A. 2017 Supp. 21-6824 for its stated reason. We cannot, however, conclude Dansby is eligible without relevant fact-finding by the district court. See *State v. Neighbors*, 299 Kan. 234, 240-41, 328 P.3d 1081 (2014) (remand for additional findings if issue cannot otherwise be resolved on appeal); *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013) (district court has "primary duty to provide adequate findings and conclusions" and appellate court may remand for "additional findings and conclusions").

We, therefore, reverse the ruling denying Dansby SB 123 drug treatment and remand so the district court may consider and resolve these points:

• Was Dansby a Kansas resident when the district court sentenced him? If not, was he subject to an interstate compact governing convicted criminals? See K.S.A. 2017 Supp. 21-6824(h)(1)(A). Depending on how the district court answers those questions, Dansby may be statutorily ineligible for SB 123 drug treatment.

• Did Dansby participate in the risk assessments outlined in K.S.A. 2017 Supp. 21-6824(c)? If so, what were the results? If not, should he now be assessed? Those assessments would be unnecessary if Dansby were an out-of-state resident subject to one of the interstate compacts, thus disqualifying him under K.S.A. 2017 Supp. 21-6824(h)(1)(A).

• Do any assessment results disqualify Dansby under K.S.A. 2017 Supp. 21-6824(h)(1)(C)?

Based on those findings and conclusions, the district court should resentence Dansby consistent with the criteria in K.S.A. 2017 Supp. 21-6824.

Reversed and remanded with directions.