NOT DESIGNATED FOR PUBLICATION

No. 118,566

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOUGLAS WAYNE SHOBE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed December 7, 2018. Appeal dismissed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Jodi Liftin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM: Douglas Wayne Shobe contends that the district court sentenced him illegally by not sentencing him to probation. But we dismiss this appeal for lack of jurisdiction without reaching its merits.

Shobe pleaded no contest to two counts of theft (severity level 9 nonperson felonies) and one count of forgery (a severity level 8 nonperson felony). Shobe committed these offenses while on felony probation.

1

Before sentencing, the parties entered into a plea agreement which included a recommended sentence for "probation and to run the cases concurrent with the termination of [Shobe's] old cases." The presentence investigation (PSI) report listed Shobe's criminal history score as an E and showed that the crimes fell within the presumptive probation range. The PSI also showed that special rules 9 and 16 applied for a "crime committed while on felony probation" and "second forgery," respectively. Shobe's appeal alleges a conflict between these two special rules.

At sentencing, Shobe asked the trial court not to impose a prison sentence under special rule 9, K.S.A. 2017 Supp. 21-6604(f)(1), to allow him the opportunity to work and pay back restitution immediately. But the trial court denied Shobe's request for probation and sentenced him to the standard underlying sentence of 14 months in prison for the forgery conviction and concurrent 6 month terms for the thefts.

Shobe timely appeals this sentencing decision, arguing that his sentence is illegal because the trial court failed to apply special rule 16—K.S.A. 2017 Supp. 21-5823(b)(3) and K.S.A. 2017 Supp. 21-6804(i), which he contends would have required his probation.

But we must first address the State's contention that we lack jurisdiction to address Shobe's arguments because he received a presumptive sentence. Shobe has not responded to this argument and has not disputed that he received a presumptive sentence.

All felony crimes committed on or after July 1, 1993, are sentenced according to the revised Kansas Sentencing Guidelines Act and prosecuting standards. K.S.A. 2017 Supp. 21-6802(c). Appellate courts shall not review a sentence for a felony conviction that is within the presumptive guidelines sentence for the crime. K.S.A. 2017 Supp. 21-6820(c); see *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012). A presumptive sentence is defined as

2

"'the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history.' K.S.A. 2017 Supp. 21-6803(q); see also *State v. Ortega-Cadelan*, 287 Kan. 157, 163-64, 194 P.3d 1195 (2008) (interpreting 'presumptive sentence' under K.S.A. 21-4703[q])." *State v. Weekes*, 308 Kan. 1245, 1249, 427 P.3d 861 (2018).

The sentencing grid blocks are divided into presumptive prison sections and presumptive nonprison sections. See K.S.A. 2017 Supp. 21-6804(a)-(f). An offender with a criminal history score E who commits a severity level 8 nonperson felony generally falls into a presumptive nonprison box on the sentencing guidelines grid. See K.S.A. 2017 Supp. 21-6804(a). Under that statute, Shobe's sentence was presumptive probation.

But a special rule applies giving the trial court discretion to impose a prison sentence even though a presumptive nonprison sentence applies. K.S.A. 2017 Supp. 21-6604(f)(1) provides the trial court with the discretion to impose a prison sentence for the commission of a new felony while a defendant is on felony probation, even if the sentencing guidelines indicate that the new felony falls within the presumptive probation range:

> "When a new felony is committed . . . while the offender is on probation . . . for a felony, a new sentence shall be imposed consecutively pursuant to the provisions of K.S.A. 2017 Supp. 21-6606, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

As the plain language of this statute states, the imposition of a prison sentence for a presumed nonprison crime committed while on felony probation is not a departure sentence. K.S.A. 2017 Supp. 21-6604(f)(1). If a sentence does not constitute a departure, it is a presumptive sentence. *State v. Dean*, 273 Kan. 929, 935-36, 46 P.3d 1130 (2002);

3

*State v. Lindsey*, No. 108,384, 2014 WL 643097, at *1 (Kan. App. 2014) (unpublished opinion).

Such is the case here. Shobe was on felony probation when he was convicted of and then sentenced for the commission of new felony offenses. Under K.S.A. 2017 Supp. 21-6604(f)(1), the trial court acted within its discretion in sentencing Shobe to prison. The imposition of this sentence did not constitute a departure and was, therefore, a presumptive sentence. We lack jurisdiction to review any sentence within the presumptive sentencing range for the offense. See K.S.A. 2017 Supp. 21-6820(c)(1); *State v. Huerta*, 291 Kan. 831, 837, 247 P.3d 1043 (2011).

Appeal dismissed.

* * *

ATCHESON, J. concurring:  Defendant Douglas Wayne Shobe is not entitled to relief on his claim that the Montgomery County District Court was legally obligated to place him on probation for his second forgery conviction. He is mistaken, and he has not otherwise argued the district court abused its discretion in sending him to prison. I, therefore, agree with the majority's disposition insofar as Shobe's prison sentence should remain in place.

The majority may be correct that the appeal should be dismissed because Shobe received a presumptive sentence as a felon already on probation. But that conclusion isn't nearly as obvious as the majority would suggest. Shobe contends a sentencing rule aimed at recidivist forgers governs his punishment—an argument that has some force to it. Either way, however, Shobe cannot show the district court erred in declining to place him on probation.

4

Shobe pleaded no contest to and was convicted of one count of forgery in violation of K.S.A. 2017 Supp. 21-5823 and two counts of felony theft in violation of K.S.A. 2017 Supp. 21-5801. He was on probation for a felony at the time he committed those crimes. And he had already been convicted of forgery, making him a repeat offender. Based only on his criminal history, Shobe would have been presumptively eligible for probation in this case. But the circumstances here triggered two special sentencing rules:

• Under K.S.A. 2017 Supp. 21-6604(f)(1), a district court has the discretion to send a defendant otherwise presumptively entitled to probation to prison if he or she committed the current crime of conviction while on probation. The district court applied that rule and required Shobe to serve a guidelines prison sentence for the forgery with concurrent sentences for the thefts.

• Under K.S.A. 2017 Supp. 21-6804(i)(1), a defendant convicted of forgery is to be sentenced in conformity with the recidivist provisions in the forgery statute, K.S.A. 2017 Supp. 21-5823. The rule also states that the other provisions of K.S.A. 2017 Supp. 21-6804 do not then apply.

If K.S.A. 2017 Supp. 21-6604(f)(1) controls, the district court's decision to send Shobe to prison rather than placing him on probation does not amount to a departure sentence. And the sentence cannot be appealed. See K.S.A. 2017 Supp. 21-6820(c)(1). The majority's dismissal of the appeal would be correct.

Shobe contends the special rule for recidivist forgers should govern here rather than the felon-on-probation rule because it is the more specific statute. See *State v. Martinez*, 290 Kan. 992, Syl. ¶ 6, 236 P.3d 481 (2010) ("Under statutory interpretation rules, a more specific statute must control over a more general statute."). If that argument were correct, then K.S.A. 2017 Supp. 21-6604(f)(1) would not apply. The majority

5

cannot simply choose to rely on K.S.A. 2017 Supp. 21-6604(f)(1) "first," as it has done, without discarding K.S.A. 2017 Supp. 21-6804(i)(1) for some reason.

It isn't immediately clear to me which of the two special rules actually is the more specific. An argument could be made for either. Shobe also falls back on the doctrine of lenity to resolve the ostensible tension between K.S.A. 2017 Supp. 21-6604(f)(1) and K.S.A. 2017 Supp. 21-6804(i)(1). See *State v. Baker*, 56 Kan. App. 2d 335, Syl. ¶ 3, 429 P.3d 240 (2018) ("The rule of lenity requires that language in a criminal statute open to more than one reasonable interpretation be applied to the defendant's advantage.").

Granting that much of Shobe's position for the sake of argument, this appeal should not be dismissed for lack of jurisdiction. But the victory is Pyrrhic. Shobe goes on to argue that the sentencing requirement for second-time forgers in K.S.A. 2017 Supp. 21-5823(b)(3) mandates that the district court place him on probation, so long as he serves 30 days in jail and pays the statutorily specified fine. Schobe misreads the statute. What the statute requires is a 30-day jail sentence and fine *if* the district court grants probation. The district court retains the discretion to impose a sentence that does not include probation. The special rule itself makes that abundantly clear. See K.S.A. 2017 Supp. 21-6804(i)(2). Subsection (i)(2) recognizes a district court may "depart [] from a presumptive probation sentence and . . . subject [the defendant] to imprisonment." If the district court departs, the recidivist punishments in K.S.A. 2017 Supp. 21-5823(b) no longer apply. K.S.A. 2017 Supp. 21-6804(i)(2).

The decision to depart under K.S.A. 2017 Supp. 21-6804(i)(2) rests in the district court's sound discretion. Shobe has argued that the district court abused its discretion only by failing to act within the statutory framework for sentencing repeat forgers. As I have said, the argument misconstrues that framework. I see no other basis to say the district court abused its discretion, and, more to the point, Shobe advances none. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d

6

1106 (2013) (district court abuses discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue). Just as the district court exercised its discretion to require Shobe to serve a prison sentence as a felon on probation, it properly would have done so under K.S.A. 2017 Supp. 21-6804(i)(2) based on the same underlying considerations. We would affirm that ruling rather than dismissing the appeal for want of jurisdiction. Either way, Shobe would stay right where he is—behind bars.