NOT DESIGNATED FOR PUBLICATION

No. 119,764

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TOMMY L. JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed June 26, 2020. Affirmed in part, reversed in part, sentence vacated, and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., WARNER, J., and ROBERT J. WONNELL, District Judge, assigned.

PER CURIAM: A jury convicted Tommy L. Jones of four counts of sexual exploitation of a child. After finding Jones to be an aggravated habitual sex offender based on his previous convictions, the district court sentenced Jones to life in prison without the possibility of parole. Jones raises multiple arguments on appeal. Agreeing with some of Jones' claims of error, we affirm two of his convictions, reverse two of his convictions, vacate his sentence, and remand for resentencing as a persistent sex offender.

1

*Factual and Procedural Background*

In 2014, A.C. began talking to then 27-year-old Jones through an online game. At some point in their relationship, A.C. told Jones that she was only 16 years old. In response, Jones stated "that he couldn't believe that he liked a 16-year-old girl."

Jones and A.C. eventually began to engage in sexual conversations. During a sexually charged Skype conversation, Jones told A.C. that she was "amazing and beautiful" and asked her to send him pictures. Jones also told A.C. that he was afraid of the consequences he could suffer as a result of their sexual interaction but told A.C. "that in a way [she was] so worth the risk." A.C. sent Jones three pictures of herself right after he asked for photos of her. In the first picture, A.C. was holding her naked breasts. In the second, she was laying on her back with her vagina exposed. And in the third, she was seated with her legs spread apart and was touching her exposed vagina. Jones saved the pictures to his computer and on his phone. Jones later asked A.C. to delete evidence about him from her computer.

Jones messaged A.C., encouraging her to come to Wichita to stay with him. A.C. apparently tried to fulfill that request because she took her mother's credit card and bought a bus ticket from Pennsylvania to Kanas. Police found her at the bus station, seemingly trying to run away. A.C.'s mother contacted the FBI, and an FBI agent contacted Ed Desir, Jones' parole officer. Desir met with Jones the next day.

Jones admitted to his parole officer that he had been speaking to 16-year-old A.C. online while playing an online game. Desir checked Jones' phone and found several messages between A.C. and Jones on Facebook Messenger. Desir then turned the phone over to a Wichita Detective, Jennifer Wright. Wright gave the phone to a forensic investigator who extracted data from the phone and reported the communications between Jones and A.C.

Jones was charged with four counts of sexual exploitation of a child. These charges included alternative crimes of sexual exploitation under different subsections of K.S.A. 2014 Supp. 21-5510. Counts two and four were charged in the alternative to counts one and three, respectively:

- Counts 1 and 3:  K.S.A. 2014 Supp. 21-5510(a)(4)(b)(1)(B) for "promoting" a performance that included sexually explicit conduct by a child; or
- Counts 2 and 4:  K.S.A. 2014 Supp. 21-5510(a)(2)(b)(1)(A) for "possessing" a visual depiction in which a child is shown engaging in sexually explicit conduct.

These charges were based on two photos extracted from Jones' phone.

Jones testified at trial. He denied knowing that A.C. was not 18 years old before they engaged in sexual conversations. Jones claimed he did not know how the photos ended up on his phone and that he had not asked A.C. to send them. He did, however, admit that he eventually learned A.C. was not yet 18 years old but he still planned on her coming to Wichita and marrying him.

The jury found Jones guilty on all charges. The district court sentenced Jones to life in prison without the possibility of parole based on his status as an aggravated habitual sex offender. See K.S.A. 2019 Supp. 21-6626.

Jones timely appeals.

*Did the District Court Abuse Its Discretion by Admitting Evidence of Jones' Prior Convictions for Rape and Aggravated Indecent Liberties With a Child?*

Before trial, Jones moved to exclude evidence of his prior crimes from 2008. Jones argued that the evidence was inadmissible to prove credibility and was unduly

3

prejudicial. And although Jones did not explicitly argue that admission of this evidence would affect his constitutional right to a fair trial, he claimed that "[t]he prejudice to [him] would be of such a great magnitude that a mistrial would be the only corrective action available for the defense to request of the court."

The State moved to admit the evidence, arguing that because Jones' previous convictions were "crimes of sexual misconduct," they were admissible. The State also asserted that the evidence was more probative than prejudicial and that it would limit the evidence of Jones' prior bad acts to Desir's testimony.

The district court held a pretrial hearing and ruled that the evidence was admissible. The court limited the evidence to the fact that Jones had been convicted of rape and aggravated indecencies with a child under 14 years old. It permitted Desir to testify only to the fact of Jones' convictions. The district court found that the evidence was prejudicial but was also probative because it showed Jones' propensity to "involve himself romantically and sexually with teenage girls."

Desir testified to the fact of Jones' prior convictions. Defense counsel renewed its objection to that evidence during Desir's testimony, but the district court overruled it.

On appeal, Jones first argues that the district court improperly weighed the probative value of the evidence of his prior crimes against its prejudicial effect. Jones argues that this error was not harmless because admission of evidence that he had committed rape and aggravated indecent liberties with a child was so prejudicial that a harmlessness finding would be unreasonable.

The State counters that the district court's analysis was sufficient. In the alternative, the State asserts that we may presume that the district court made all the necessary findings. Alternatively, the State asserts any error was harmless because even

4

without the evidence of Jones' prior convictions, the remaining evidence warranted his convictions.

*Standard of Review*

We review a district court's determination that the probative value of evidence outweighs its potential for producing undue prejudice for abuse of discretion. A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based.*State v. Boysaw*, 309 Kan. 526, 539, 439 P.3d 909 (2019).

*Analysis*

Jones briefly mentions that the district court failed to conduct a balancing test at all, violating his right to a fair trial. See *Boysaw*, 309 Kan. at 532. We consider this point, raised incidentally in Jones' brief and not argued, to be abandoned. *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018).

Jones main argument is that the district court erroneously applied the balancing test. We review some general rules to put that argument in context.

Prosecutors are generally prohibited from admitting evidence of prior convictions or bad acts to show that a defendant has a propensity to commit a charged crime. See K.S.A. 2019 Supp. 60-455(a); *State v. Prine*, 297 Kan. 460, 475-76, 303 P.3d 662 (2013). But the Legislature created an exception to that rule, applicable only in sex-crime prosecutions, after our Supreme Court decided *Prine*. Under that exception, the State may admit "evidence of the defendant's commission of another act or offense of sexual misconduct" when the defendant is charged with a sex offense; that evidence "may be

5

considered for its bearing on any matter to which it is relevant and probative." K.S.A. 2019 Supp. 60-455(d).

And in general, all relevant evidence is admissible. K.S.A. 60-407(f). Evidence is relevant if it has any tendency in reason to prove any material fact. K.S.A. 60-401(b); *State v. Page*, 303 Kan. 548, 550, 363 P.3d 391 (2015). But even when evidence is relevant, a district court may exclude it if finds the evidence's probative value is outweighed by its prejudicial value. See K.S.A. 60-445.

In *Prine*, our Supreme Court found that under the previous version of K.S.A. 60-455, a trial court must balance the probative value of other crimes against the threat of undue prejudice. It pointed to these four factors to consider in conducting the balancing test:

- how clearly the prior act has been proved;
- how probative the evidence is of the material fact it is admitted to prove;
- how seriously disputed the material fact is; and
- whether the government can avail itself of any less prejudicial evidence.

The *Prine* court also noted that the "exclusion of relevant evidence under [the] test should be infrequent, reflecting Congress' legislative judgment that evidence of similar crimes should 'normally' be admitted in child molestation cases." 297 Kan. at 478.

The Supreme Court suggested that the balancing test may no longer apply to the current version of K.S.A. 60-455(d). *Prine*, 297 Kan. at 478; *Boysaw*, 309 Kan. at 540 ("The plain statutory language of K.S.A. 2018 Supp. 60-455(d) appears to allow such evidence without requiring a weighing of probity versus prejudice"). Even so, our appellate courts have continued to apply it. See, e.g., *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015); *State v. Dean*, 298 Kan. 1023, 1033, 324 P.3d 1023 (2014); *State v.*

6

*Remmert*, 298 Kan. 621, 628, 316 P.3d 154 (2014), *disapproved of on other grounds by State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015); *State v. Spear*, 297 Kan. 780, 789, 304 P.3d 1246 (2013). And the *Boysaw* court upheld the constitutionality of K.S.A. 2018 Supp. 60-455(d) because propensity evidence is subject to balancing of probativity and prejudice. 309 Kan. at 536-37. In keeping with these decisions, we assume that the balancing test is required even for 60-455(d) evidence, and we consider whether the district court applied the appropriate test in deciding to allow the propensity evidence at trial.

The district court allowed the State to present evidence of Jones' prior sex-crime convictions for rape and aggravated indecencies with a child under the age of 14 to prove that Jones was inclined to "involve himself romantically and sexually with teenage girls." The district court referenced the factors identified in *Prine* before making that legal conclusion. The court began by acknowledging that the evidence would likely be prejudicial: "[T]he cards are sort of stacked against the defendant in these kinds of situations. . . . [P]rior crimes of this nature, are almost always going to be prejudicial." The district court also noted that Jones' previous convictions were for crimes different than those the State was trying to prove at trial. In determining probativity, the district court found that Jones' prior convictions related to material facts and Jones' propensity to commit the charged offenses. And it recognized that the State had provided an adequately limited way to present the information—testimony from Jones' parole officer to the fact of the convictions only. This analysis shows that the district court applied the requisite balancing test. See *Boysaw*, 309 Kan. at 541. We find no abuse of discretion in its doing so. See *State v. Reid*, 286 Kan. 494, 507, 186 P.3d 713 (2008).

*Harmless error*

But even if the district court had abused its discretion, the erroneous admission or exclusion of evidence is subject to review for harmless error under K.S.A. 2019 Supp.

7

60-261; *Lowery*, 308 Kan. at 1235. To establish harmlessness, the State must convince us that there is no reasonable probability the error affected the trial's outcome. See *State v. Torres*, 294 Kan. 135, 144, 273 P.3d 729 (2012). The State meets this burden here.

The State presented overwhelming evidence that Jones committed the charged acts. The jury heard testimony about Jones' ongoing, sexual communication with A.C. and that Jones requested photos during a sexual conversation with A.C. Directly after that request, A.C. told Jones that she sent him pictures. Those pictures depicted A.C. performing sexual acts and Jones saved them to his computer in a folder bearing A.C.'s first name. Jones admitted that he had engaged in sexually explicit conversations with A.C. and that he knew she was younger than 18 years old. In his own testimony, Jones admitted that A.C. told him she was 17 years old, that the two engaged in sexual conversations, and that the two planned on getting married.

Under these circumstances, we are convinced that no reasonable probability exists that any error in admitting the propensity evidence affected the outcome of Jones' trial.

*Is K.S.A. 2019 Supp. 60-455 Unconstitutional Because It Allows Admission of Other Crimes to Show Propensity?*

Next, Jones argues that K.S.A. 2019 Supp. 60-455(d) violates the Kansas Constitution Bill of Rights by allowing a jury to consider the commission of other crimes solely to prove a defendant's propensity to commit the crime charged. Jones concedes that he raises this issue for the first time on appeal. Although the general rule is that we do not address issues raised for the first time on appeal, we apply an exception—when consideration of the claim is necessary to prevent the potential denial of fundamental rights—here. See *State v. Reed*, 306 Kan. 899, 902, 399 P.3d 865 (2017); *State v. Thach*, 305 Kan. 72, 81, 378 P.3d 522 (2016).

Appellate courts have unlimited review of the constitutionality of K.S.A. 2019 Supp. 60-455(d). *Boysaw*, 309 Kan. at 532; *Miller v. Johnson*, 295 Kan. 636, 647, 289 P.3d 1098 (2012). "When a statute's constitutionality is attacked, the statute is presumed constitutional and all doubts must be resolved in favor of its validity. If there is any reasonable way to construe that statute as constitutionally valid, this court has the authority and duty to do so." 295 Kan. at 646-47.

As noted above, a prosecutor is generally prohibited from admitting evidence of prior convictions to show that a defendant has a propensity to commit the charged crime. See K.S.A. 2019 Supp. 60-455(a); *Prine*, 297 Kan. at 475-76. Even so, an exception applicable only in sex-crime prosecutions was added to the statute in 2009. See L. 2009, ch.103, § 12. Now, K.S.A. 2019 Supp. 60-455(d) provides that the State may use "'evidence of the defendant's commission of another act or offense of sexual misconduct' when the defendant is charged with a sex offense and that evidence 'may be considered for its bearing on any matter to which it is relevant and probative.'" *Brunson*, No. 118,555, 2020 WL 593977 at * 4 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* February 28, 2020. The Legislature thus reversed its earlier ban on propensity evidence in sex crime prosecutions.

In *Boysaw*, our Supreme Court reviewed Kansas' long history of allowing propensity evidence in sex offense cases. It then determined that K.S.A. 2018 Supp. 60-455(d) did not violate due process under the United States Constitution:

> "The common law history of admitting propensity evidence in sex crime prosecutions suggests that the principle of excluding such evidence is not so imbedded in the Kansas legal tradition as to take on a constitutional dimension. …
>
> . . . .
>
> "It thus was not common law or constitutional considerations that led to a bar on admitting sexual propensity evidence; it was legislative action. In 1963, the Legislature placed limitations on the purposes for which evidence of prior misconduct could be used

when it enacted K.S.A. 60-455. L. 1963, ch. 303. See *State v. Taylor*, 198 Kan. 290, 292, 424 P.2d 612 (1967) (K.S.A. 60-455 made 'lustful disposition' evidence inadmissible, notwithstanding its admissibility at common law.). In 2009, the Legislature reversed its earlier ban on propensity evidence in sex crime prosecutions. What the Legislature gave, the Legislature may take away." 309 Kan. at 535.

Jones cites two cases from other states to support his position that K.S.A. 60-455 violates the Kansas Constitution: *State v. Cox*, 781 N.W.2d 757, 759, 768-69 (Iowa 2010) (using propensity evidence in sex-crime cases violated the defendant's due-process rights under the Iowa Constitution), and *State v. Ellison*, 239 S.W.3d 603, 608 (Mo. 2007) (same as to Missouri Constitution). But in *Boysaw*, 309 Kan. at 535-36, our court found K.S.A. 2018 Supp. 60-455(d) constitutional, rejecting a similar argument based on *Cox* and *Ellison*.

In *Boysaw*, on review of our decision, our Supreme Court analyzed K.S.A. 2018 Supp. 60-455(d) under the United States Constitution and held that the statute did not violate federal constitutional protections. That conclusion was based in part on the court's finding that "K.S.A. 2018 Supp. 60-455(d) does not offend any principle of justice so rooted in the traditions and conscience of the people of this state that it may be deemed fundamental." 309 Kan. at 536.

Although our Supreme Court did not ultimately decide the state constitutional issue, it considered Boysaw's argument that K.S.A. 2018 Supp. 60-455(d) violated the Kansas Constitution—the argument Jones makes now. The court first noted that Kansas courts have historically "analyzed sections 10 and 18 as coextensive with their federal counterparts." 309 Kan. at 537-38 (citing cases). Then the court instructed that "[a]ny future challenge to the admission of propensity evidence under K.S.A. 2018 Supp. 60-455(d) that is based on state constitutional provisions will need to explain why this court should depart from its long history of coextensive analysis of rights under the two constitutions." 309 Kan. 538. Although Jones filed his appellate brief a few days before

10

the Supreme Court filed *Boysaw*, and could not have known of its directive, that directive merely highlights a practical burden that practitioners have borne for a long time. See cases cited at 309 P.3d at 537.

Although Jones cites both state and federal cases to support his constitutional argument, he does not tell us why our Supreme Court should abandon its longstanding practice of interpreting Sections 10 and 18 of the Kansas Constitution Bill of Rights as coextensive with their federal counterparts. Jones therefore fails to provide us with any meaningful rationale to establish that K.S.A. 2019 Supp. 60-455(d) violates the Kansas Constitution, yet complies with the United States Constitution. As a result, we reject his argument.

*Did the District Court Err in Convicting Jones on All Charged Offenses When He Was Charged in the Alternative?*

Jones next argues that because he was charged with alternative counts, the district court could enter only two convictions against him instead of four. Because the district court entered all four, Jones asks this court to "remove" two convictions from the journal entry.

*Standard of Review*

Determining whether convictions are mutually exclusive is a question of law, which we review independently and with no deference to the district court. See *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

*Analysis*

Our Supreme Court has established a bright-line rule for this situation: "'A defendant charged with more than one offense in a multiple-count complaint may be convicted of more than one offense. In contrast where, as here, the defendant has been charged in the alternative, he may be convicted of only one offense.'" *State v. Garza*, 290 Kan. 1021, 1035, 236 P.3d 501 (2010) (citing *State v. Dixon*, 252 Kan. 39, 49, 843 P.2d 182 [1992]). See *State v. Blanchette*, 35 Kan. App. 2d 686, 704, 134 P.3d 19.

The State charged Jones with four counts of sexual exploitation with two of the counts in the alternative. Counts one and two were charged in the alternative, as were counts three and four:

- Counts 1 and 3: K.S.A. 2014 Supp. 21-5510(a)(4)(b)(1)(B) for "promoting" a performance that included sexually explicit conduct by a child; or
- Counts 2 and 4: K.S.A. 2014 Supp. 21-5510(a)(2)(b)(1)(A) for "possessing" a visual depiction in which a child is shown engaging in sexually explicit conduct.

But the jury instructions stated all four charges similarly, failed to establish the alternative nature of any charge, and did not refer to any count. The verdict used the word "alternative" but did not instruct the jury which counts were charged in the alternative or how to handle alternative counts. In short, the instructions and verdict were confusing on this issue. The jury found Jones guilty of committing all four counts, and the district court accepted the verdicts on all four counts.

At sentencing, the district court stated its "intent . . . to set forth the sentence on each of the four counts and just impose the sentences on Counts 1 and 3." The district court ultimately did that and imposed sentences for counts one and three only and ran the

sentences concurrent to one another. The court also noted that Jones was convicted of and sentenced for counts two and four, but that those sentences were not imposed.

Because the State charged Jones in the alterative, the district court lacked the authority to convict Jones of all four counts. As a result, we must reverse those convictions.

Just as it argued in *Garza*, the State asserts that Jones' convictions do not have to be reversed and vacated because Jones was not sentenced twice for each offense. See 290 Kan. at 1035-36. The State argues that *Garza* and *Blanchette* were decided wrongly because they relied on our Supreme Court's decision in *Dixon*, which dealt with instructional error, not multiplicity. But this court is duty bound to follow Kansas Supreme Court precedent unless there is some indication that it is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). We find no such indication here and our courts continue to follow the *Garza* decision. See, e.g., *State v. Vargas*, No. 119,741, 2019 WL 5485179, at *3-4 (Kan. App. 2019) (unpublished opinion), *petition for rev. filed* November 20, 2019.

The State also cites *Penn v. State*, No. 105,777, 2012 WL 3171813 (Kan. App. 2012) (unpublished opinion) as evidence of why our Supreme Court's decision in *Garza* and this court's decision in *Blanchette* pose risky ramifications to convictions based on alternative counts. But this court rejected this argument in *Vargas*, appropriately, we believe. See 2019 WL 5485179, at *3-4 (noting "interesting policy argument" but rejecting argument based on duty to follow supreme court precedent).

We are duty bound to follow *Garza*. The district court had no authority to enter convictions on both of the alternatively charged counts. As a result, Jones' convictions for counts 2 and 4 must be vacated.

*Did the District Court Commit Clear Error in Instructing the Jury About an Element Not Included in the Statute Under Which Jones Was Charged?*

Jones next argues that the district court erred in instructing the jury to determine whether Jones committed the elements of two K.S.A. 2014 Supp. 21-5510(a)(1) "persuading" offenses instead of two "promoting" offenses under K.S.A. 2014 Supp. 21-5510(a)(4)—the statute under which the State charged Jones. In short, Jones asserts that the district court lacked authority to convict him under K.S.A. 2014 Supp. 21-5510(a)(1) because the State did not charge him under that statute. The State concedes that the "persuading" instructions were legally erroneous but argues that the error was harmless because the jury had overwhelming evidence that Jones violated K.S.A. 2014 Supp. 21-5510(a)(1).

Jones concedes that he raises this issue for the first time on appeal. Thus, we apply the clearly erroneous standard to his claim. See K.S.A. 2019 Supp. 22-3414(3); *State v. Butler*, 307 Kan. 831, 845, 416 P.3d 116 (2018). Under this standard, we reverse the district court only if an instruction error occurred and we are firmly convinced that the jury would have reached a different verdict had the error not occurred. Jones, as the party claiming clear error, has the burden to show the necessary prejudice. See *State v. McLinn*, 307 Kan. 307, 318, 409 P.3d 1 (2018).

The State charged Jones under K.S.A. 2014 Supp. 21-5510(a)(4), which defines sexual exploitation of a child as "*promoting* any performance that includes sexually explicit conduct by a child under 18 years of age, or a person whom the offender believes to be a child under 18 years of age, knowing the character and content of the performance." (Emphasis added.) But the district court's instruction included elements of K.S.A. 2014 Supp. 21-5510(a)(1), which required "[e]mploying, using, *persuading*, inducing, enticing or coercing a child under 18 years of age, or a person whom the offender believes to be a child under 18 years of age, to engage in sexually explicit

14

conduct with the intent to promote any performance." (Emphasis added.) K.S.A. 2014 Supp. 21-5510(a)(1).

Because we are vacating Jones' convictions for counts 2 and 4, we are concerned only with counts 1 and 3. Those counts were set forth in instructions number three and five, which provided that the following elements had to be proved:

> "1. Mr. Jones, with the intent to promote a performance, persuaded, or induced or enticed A.[C]. to engage in sexually explicit conduct.
> "2. A.[C]. was less than 18 years old at the time the conduct occurred. The State need not prove the defendant knew the child's age.
> "3. This act occurred on or between the 3rd day of November, 2014 and the 8th day of November, 2014, in Sedgwick County, Kansas.
>
> "The State must prove that the defendant committed the crime intentionally. A defendant acts intentionally when it is the defendant's desire or conscious objective to do the act complained about by the State. "

The problem is that the language in the instructions as to counts one and three does not match the crimes charged in counts one and three of the information.

> "The charging instrument must set out the specific offense alleged against the defendant in order to inform the defendant of the nature of the accusation against him or her and to protect the defendant from being convicted on the basis of facts that were not contemplated in the initial charges." *State v. Trautloff*, 289 Kan. 793, 802, 217 P.3d 15, 22 (2009) (citing *Russell v. United States*, 369 U.S. 749, 767, 770, 82 S. Ct. 1038, 8 L. Ed. 2d 240 [1962]).

Because the charging instrument set out a different offense than the one the district court instructed the jury on, the instruction was not legally appropriate. See *McLinn*, 307 Kan. at 318 (2018) (requiring analysis of legal appropriateness of jury instructions); see also *State v. Dominguez*, 299 Kan. 567, 584, 328 P.3d 1094 (2014) (noting that an instruction

given was a misstatement of the law because the instruction could not be given when defendant was charged under alternative theories of first-degree murder).

*Reversal is not Required*

The State argues that this instructional error does not require reversal because Jones does not show a real possibility that the jury would have reached a different verdict had the error not occurred, as is his burden. The State asserts that overwhelming evidence showed that Jones committed the charged crime of "promoting" A.C.'s sexually explicit performance.

Jones was charged with promoting any performance that includes sexually explicit conduct by a child under 18 years old, or a person whom the offender believes to be a child under 18 years old, knowing the character and content of the performance. K.S.A. 2014 Supp. 21-5510(a)(4). The district court should have instructed the jury in these terms. Promoting, as used in this context, means:

> "[P]rocuring, transmitting, distributing, circulating, presenting, producing, directing, manufacturing, issuing, publishing, displaying, exhibiting or advertising:
> (A) For pecuniary profit; or
> (B) with intent to arouse or gratify the sexual desire or appeal to the prurient
> interest of the offender or any other person." K.S.A. 2014 Supp. 21-5510(d)(2).

The same statute defines "performance" to include a "photograph." K.S.A. 2014 Supp. 21-5510(d)(3). "Sexually explicit conduct" includes "exhibition in the nude." K.S.A. 2014 Supp. 21-5510(d)(1). And "nude" means "any state of undress in which the human genitals, pubic region, buttock or female breast, at a point below the top of the areola, is less than completely and opaquely covered." K.S.A. 2014 Supp. 21-5510(d)(4).

Jones obtained and kept photos of A.C., a child under 18 years old, which depict her nude. Circumstantial evidence shows he did so with intent to arouse or gratify his or her sexual desire. The sole issue is whether he *promoted* the photographs. Yet "promoting" is defined to include "procuring." "Procuring" is not defined in the statute so we use its common meaning—obtaining. See Black's Law Dictionary 1460 (11th ed. 2019) (defining procure as "[t]o obtain [something], esp. by special effort or means; [T]o achieve or bring about [a result]).

When Jones received the photos of A.C. which he had asked her for, he procured the photos. A.C. sent the pictures only after Jones requested them.

Jones argues that the State failed to prove that he "knew the character and content of the photos, and then acted to promote (transmit, procure, display) them." But it is enough that Jones "procured" the sexually explicit photographs. The State's circumstantial evidence showed that Jones knew what type of picture he was requesting, as evidenced by the sexually charged nature of the ongoing conversation when he asked for the photos, as well as by Jones' own admission that the two would sometimes have sexual conversations and engage in sex acts off screen from each other. The evidence is compelling that Jones promoted (procured) any performance (photograph) that includes sexually explicit conduct (nudity) by a child under 18. Had the district court properly instructed the jury, we are convinced beyond a reasonable doubt that Jones would have been convicted.

Instead, the district court instructed the jury that the defendant was charged with persuading a child under 18 years to engage in sexually explicit conduct with the *intent to promote* any performance. "Persuading" is not defined in the statute, so has its common meaning. The difference between promoting a performance and persuading with intent to promote a performance, as applied to our facts, would likely be lost on the jury. And that

17

difference is small enough that the defendant was not convicted on the basis of facts not contemplated in the initial charges.

So although the district court committed instructional error, Jones fails to show a real possibility that the jury would have reached a different verdict had the error not occurred.

*Is K.S.A. 2014 Supp. 21-5510 Facially Unconstitutional Because It Lacks a Scienter Element For the Age of the Victim?*

Jones next argues that K.S.A. 2014 Supp. 21-5510 is facially unconstitutional because it lacks a scienter element for the age of the victim. A defendant who violates its provisions is liable if the sexually exploited child is under 18 years, no matter how old the defendant thought the victim was. And if we agree that the statute is unconstitutional, Jones argues that the district court incorrectly instructed the jury that the State did not have to prove that Jones knew A.C. was underage.

*Jones' constitutional claim is unpreserved*

Jones concedes that he raises these issues for the first time on appeal. Although we could still review the instructional error claim for clear error—*Butler*, 307 Kan. at 845— we instead decline to reach the merits of Jones' constitutional argument, following the Supreme Court's lead.

Although Jones cites the general exceptions to the rule requiring preservation of his claim to obtain appellate review, he does not explain why this issue was not raised at the district court level and why we should consider it for the first time on appeal. Thus we find Jones' argument waived or abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1044,

350 P.3d 1068 (2015) (prescribing strict enforcement of Supreme Court Rule 6.02(a)(5) [2020 Kan. S. Ct. R. 34]).

Our Supreme Court did the same in *State v. Zabrinas*, 271 Kan. 422, 24 P.3d 77 (2001), declining to address this same constitutional argument when it was raised for the first time on appeal. It explained why its consideration of this unpreserved argument was not necessary to serve the ends of justice or to prevent denial of fundamental rights:

> "Had the scienter argument been raised below, the jury might have been more specifically instructed. However, the instructions given are clearly sufficient and required a finding that the defendant's conduct was intentional, which was defined as 'willful and purposeful and not accidental.' One of the stated exceptions to our rule that '[a]n issue not presented to the trial court will not be considered for the first time on appeal,' is that such a question should be considered if necessary to serve the ends of justice or prevent denial of fundamental rights. Based on the clearly pornographic nature of all of the material viewed, the consideration of the scienter contention is not necessary here. [Citations omitted.]" 271 Kan. at 427.

The photos here are also clearly pornographic. And here, as in *Zabrinas*, the instructions required a finding that the defendant's conduct was intentional. Jones does not argue that the photos were not pornographic or try to distinguish *Zabrinas*. As a result, we follow the *Zabrinas* court's procedure and decline to reach the merits of Jones' claim. Our consideration is not necessary to serve the ends of justice or prevent denial of fundamental rights. See *State v. Nelson*, No. 106,279, 2012 WL 4373003, at *6 (Kan. App. 2012) (unpublished opinion) (finding our Supreme Court in *Zabrinas* implicitly stated that this constitutional argument carries little weight when the material is pornographic).

Jones' secondary claim of instructional error claim necessarily fails, as it depends on a finding that we have not made—that K.S.A. 2014 Supp. 21-5510 is unconstitutional.

*Did the District Court Err in Failing to Apply the Rule of Lenity to Jones' Sentence?*

Jones next argues that the trial court erred by sentencing him as an aggravated habitual sex offender. He contends that the trial court should have sentenced him as a persistent sex offender because under the rule of lenity, when two statutes are equally applicable, the court must follow the statutory provision that is more favorable to the accused. See *State v. Horn*, 288 Kan. 690, 693, 206 P.3d 526 (2009). In short, Jones asserts that because he qualified as both an "aggravated habitual sex offender" under K.S.A. 2014 Supp. 21-6626(c)(1) and as a "persistent sex offender" under K.S.A. 2014 Supp. 21-6804(j)(2), the district court had to sentence him to the more lenient sentence prescribed under K.S.A. 2014 Supp. 21-6804, citing *State v. Turner*, 293 Kan. 1085, Syl. ¶ 4, 272 P.3d 19 (2012), and *State v. Greene*, 299 Kan. 1087, 1098-99, 329 P.3d 450 (2014). We agree.

Although Jones did not raise this issue in the district court, a court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 2019 Supp. 22-3504(a), as amended by L. 2019, ch. 59, §15. And a defendant may challenge a sentence for the first time on appeal. *State v. Fisher*, 304 Kan. 242, 263-64, 373 P.3d 781 (2016). Because this issue requires statutory interpretation, we have unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). Our courts must construe statutes to avoid unreasonable or absurd results and presume the Legislature does not intend to enact meaningless legislation. *State v. Keel*, 302 Kan. 560, 574, 357 P.3d 251 (2015). Generally, criminal statutes are strictly construed in favor of the accused. This rule is subordinate to the rule that the interpretation of a statute must be reasonable and sensible to effect the legislative design and intent of the law. *State v. Gensler*, 308 Kan. 674, 680, 423 P.3d 488 (2018).

20

A specific statute controls over a general statute. *State v. Kinder*, 307 Kan. 237, 241, 408 P.3d 114 (2018). And the rule of lenity arises only when there is any reasonable doubt of the statute's meaning. *State v. Williams*, 303 Kan. 750, 760, 368 P.3d 1065 (2016).

Before Jones was convicted in this case for sexual exploitation of a child, he was convicted for rape and aggravated indecent liberties with a child in 2008. Because Jones qualified as an aggravated habitual offender, the district court sentenced Jones to life in prison without the possibility of parole under K.S.A. 2014 Supp. 21-6626.

An "aggravated habitual sex offender" is a person who "(A) Has been convicted in this state of a sexually violent crime, as described in subsection (c)(2)(A) through (c)(2)(J) or (c)(2)(L); and (B) prior to the conviction of the felony under subparagraph (A), *has been convicted of two or more sexually violent crimes*." K.S.A. 2019 Supp. 21-6626(c)(1) (Emphasis added.) Jones fits that definition. An aggravated sex offender "shall be sentenced to imprisonment for life without the possibility of parole." K.S.A. 2019 Supp. 21-6626(a).

A "persistent sex offender" is any person who

"(A)(i) Has been convicted in this state of a sexually violent crime, as defined in K.S.A. 22-3717, and amendments thereto; and

"(ii) at the time of the conviction under subsection (j)(2)(A)(i) *has at least one conviction for a sexually violent crime*, as defined in K.S.A. 22-3717, and amendments thereto, in this state or comparable felony under the laws of another state, the federal government or a foreign government; or

"(B)(i) has been convicted of rape, as defined in K.S.A. 21-3502, prior to its repeal, or K.S.A. 21-5503, and amendments thereto; and

"(ii) at the time of the conviction under subsection (j)(2)(B)(i) has at least one conviction for rape in this state or comparable felony under the laws of another state, the federal government or a foreign government.

21

(3) Except as provided in subsection (j)(2)(B), the provisions of this subsection shall not apply to any person whose current convicted crime is a severity level 1 or 2 felony." K.S.A. 2019 Supp. 21-6804(j)(2). (Emphasis added.)

Jones fits this definition too, under subsection A.

But the sentence of a persistent sex offender—one whose current convicted crime is on the grid—is less than an aggravated sex offender's sentence.

"The sentence for any persistent sex offender whose current convicted crime carries a presumptive term of imprisonment shall be double the maximum duration of the presumptive imprisonment term. The sentence for any persistent sex offender whose current conviction carries a presumptive nonprison term shall be presumed imprisonment and shall be double the maximum duration of the presumptive imprisonment term." K.S.A. 2019 Supp. 21-6804(j)(1).

Jones' previous convictions for rape and aggravated indecent liberties and his current conviction for an on-grid sexual exploitation of a child under K.S.A. 2019 Supp. 21-5510 qualify as "sexually violent crimes" under the relevant statutory provisions. See K.S.A. 2019 Supp. 21-6626(c)(2)(A)-(B); K.S.A. 2019 Supp. 22-3717(d)(5)(A), (C), (H). Because Jones' crimes meet the necessary definitions under both statutory provisions and because he has two prior convictions, he qualifies both as an "aggravated habitual offender" and as a "persistent sex offender."

Jones relies on *Turner*, 293 Kan. 1085, and *Greene*, 299 Kan. 1087, in arguing that the district court erred in sentencing him as an aggravated habitual sex offender. Those cases examined the application of the aggravated habitual sex offender statute and the persistent offender statute when a defendant is convicted of on-grid sexually violent crimes while having at least two prior sexually violent crime convictions. That is Jones' situation.

In *Turner*, our Supreme Court considered the aggravated habitual offender and persistent sex offender statutes—then K.S.A. 21-4704(j) and K.S.A. 21-4642. The court found that neither statute was more specific and thus applied the rule of lenity and held that the district court was required to sentence a qualifying defendant under the more lenient statute. 293 Kan. at 1090-91. In considering the statutes, our Supreme Court addressed the differences in their language:

"Under both definitions the defendant must be convicted of a sexually violent crime as defined in K.S.A. 22-3717. In addition, in order to be sentenced as a persistent sex offender, the defendant must have previously had 'at least one conviction' for rape or some other specific sex-related crime. K.S.A. 21-4704(j)(2). In order to be sentenced as an aggravated habitual sex offender, the defendant must have previously had 'at least two prior conviction events' for specific sex-related crimes. K.S.A. 21-4642(c)(1). The difference between the definitions in this regard is slight. Both have no upper limit for prior convictions, but the aggravated habitual sex offender must have at least two prior convictions, while the persistent sex offender qualifies with just one. The legislature did not, however, choose to distinguish the status of the two offenders precisely. The legislature could have drafted the persistent offender statute to be limited to those offenders who had one and only one prior conviction for a sex crime, but it elected instead to use the words 'at least one,' indicating that the statute also applies to an offender who has two or more prior convictions for sex crimes. See K.S.A. 21-4704(j)(2). This results in a nearly exact overlap between the two statutes. While the minimum number of requisite prior convictions makes these statutes distinguishable, it does not necessarily follow that one is more specific than the other." 293 Kan. at 1090.

Applying *Turner*, the *Greene* court also vacated the defendant's sentence and remanded for resentencing to apply the more lenient sentencing statute. 299 Kan. at 1098-99. The statutory language has remained substantively unchanged since these decisions. Compare K.S.A. 2019 Supp. 21-6804(j) to K.S.A. 21-4704(j); compare also K.S.A. 2019 Supp. 21-6626 to K.S.A. 21-4642.

The State asserts that *Turner* and *Greene* do not apply here because both of those cases involved defendants convicted of rape with prior convictions for rape. Yet Jones was not convicted of rape, but sexual exploitation of a child. The State then asserts that K.S.A. 2014 Supp. 21-6626(c), the aggravated sex offender provision, controls because it is more specific than K.S.A. 2014 Supp. 21-6808(j), the persistent sex offender provision.

The State is correct that in *Turner*, our Supreme Court specified that "[w]hen a defendant is convicted of rape and has at least one prior rape conviction, K.S.A. 21-4642 and K.S.A. 21-4704(j)(2)(B) both apply equally and neither is more specific. Such a defendant is therefore to be sentenced under the more lenient statute, K.S.A. 21-4704(j)." 293 Kan. 1085, Syl. ¶ 4. But the *Turner* court's analysis was not necessarily limited to those facts. Instead, its bottom line was that it could not determine which statute is more specific, so it was unable to ascertain which statute the legislature intended for it to apply.

> "Even if we could conclude that the higher number of prior convictions required by K.S.A. 21-4642(c) elevates its level of specificity over K.S.A. 21-4704(j), there are other reasons for construing K.S.A. 21-4704 to be the more specific statute, particularly in the context of Turner's present rape convictions. Even if a defendant has at least one previous conviction for a sexually violent crime, K.S.A. 21-4704 does not apply if the current crime of conviction is rape and unless the defendant has one previous conviction for rape. Because Turner's present crimes of conviction include two counts of rape, and he has two previous convictions for rape, the exception contained in K.S.A. 21-4704(j)(3) applies. K.S.A. 21-4642, on the other hand, is not specific to individuals who are convicted of rape and who have prior rape convictions. Instead, it can apply generally to offenders convicted of any 1 of 10 different 'sexually violent crimes,' such as indecent liberties with a child or aggravated sexual battery. From this perspective, K.S.A. 21-4704 is the more specific statute and should control with respect to the sentences imposed for the two counts of rape.
>
> "The rape for which Turner was convicted is a severity level 1 person felony. He therefore qualifies as a persistent sex offender under K.S.A. 21-4704(j)(2)(B), but not under 21-4704(j)(2)(A). K.S.A. 21-4704(j)(2)(B) is specific to the crime of rape: it

applies narrowly to an individual whose present crime of conviction is rape and who had at least one prior conviction for rape. The legislature saw fit to specify convictions for rape as a special subcategory for persistent sex offenders, even though defendants under paragraph (B) also qualify under paragraph (A). Courts are to presume that the legislature does not intend to enact meaningless or redundant legislation. *Cochran*, 291 Kan. at 903. The fact that the legislature singled out the crime of rape under K.S.A. 21-4704(j)(2)(B) suggests that it is more specific than K.S.A. 21-4642.

"Resolution of this issue turns on which statute is more specific. Because we cannot apply consistent rules of statutory construction to determine which is more specific, we are unable to ascertain which statute the legislature intended the courts to apply under the circumstances of this case. Any reasonable doubt about the meaning of criminal statutes resulting from the existence of conflicting statutory provisions must be decided in favor of anyone who is subjected to those criminal statutes. *Horn*, 288 Kan. at 693. The rule of lenity requires that Turner be sentenced under K.S.A. 21-4704(j), and this case must be remanded to the district court with directions to impose the lesser sentence." 293 Kan. at 1090-91.

True, *Turner* and *Greene* dealt with current rape convictions following prior rape convictions, a scenario specifically addressed by subsection (B) of the persistent sex offender statutes. See K.S.A. 21-4704(j)(2)(B), now K.S.A. 2019 Supp. 21-6804(j)(2)(B). Yet even given those specific facts and that specifically applicable subsection, the Kansas Supreme Court did not hold that the persistent sex offender statute was more specific than the aggravated sex offender statute. Instead, it relied on the rule of lenity.

Jones' conviction falls within subsection A, not B, of the persistent sex offender statute. K.S.A. 2014 Supp. 21-6804(j)(2)(A), Subsection A applies to all 15 of the sexually violent crimes defined in K.S.A. 2014 Supp. 22-3717(d)(5), while subsection B applies only to recurring rape convictions. K.S.A. 2014 Supp. 21-6804(j)(2)(B). We cannot logically find that K.S.A. 2014 Supp. 21-6804(j)(2)(A) is more specific than the aggravated sex offender statute, K.S.A. 2014 Supp. 21-6626(c), when the Kansas

Supreme Court did not find the narrower, more specific K.S.A. 2014 Supp. 21-6804(j)(2)(B) to be so.

Nor can we find the aggravated sex offender statute, K.S.A. 2014 Supp. 21-6626(c), to be more specific than K.S.A. 2014 Supp. 21-6804(j)(2)(A), as the State invites us to. The State's sole argument is that *Turner* recognized a viable argument that when "the (j)(2)(B) rape provision does not apply, 'the higher number of prior convictions required by [K.S.A. 21-6626(c)] elevates its level of specificity over [K.S.A. 21-6804(j).]'" But that argument takes *Turner*'s language out of context. See above ("Even if we could conclude that the higher number of prior convictions required by K.S.A. 21-4642[c] elevates its level of specificity over K.S.A. 21-4704[j], there are other reasons for construing K.S.A. 21-4704 to be the more specific statute, particularly in the context of Turner's present rape convictions." 293 Kan. at 1090). Because we cannot determine which statute is more specific, we default to the rule of lenity.

The State asserts that this result renders K.S.A. 21-6626(c) meaningless, as "there would be no scenario under which a defendant could be sentenced as an aggravated habitual sex offender." But that assertion is incorrect. See *State v. Campbell*, No. 113,005, 2016 WL 1274482, at *5-6 (Kan. App. 2016) (unpublished opinion) (finding the persistent sex offender statute does not apply when a defendant is convicted of an off-grid crime). Had Jones' current conviction been for an off-grid crime, we would not hesitate to uphold his sentence as an aggravated sex offender.

Because the statutes at issue have been recodified but have not been amended to avoid the judicial construction in *Turner*, we presume the Legislature agreed with its judicial construction. See *State v. Nguyen*, 304 Kan. 420, 425-26, 372 P.3d 1142 (2016). Additionally, because these statutes still apply equally and neither is more specific, *Turner* and *Greene* require us to apply the rule of lenity and vacate Jones' sentence. We

26

remand for resentencing with directions to apply the more lenient sentencing scheme under K.S.A. 2014 Supp. 21-6804(j)(1).

*Did the District Court Err in Sentencing Jones Because It Was Strictly Limited to the Information in the State's Complaint?*

Finally, Jones asserts that his sentencing is limited by the charge in the complaint. The complaint did not notify Jones that he could be subject to sentencing as an "aggravated habitual sex offender" based on the commission of a second or more "sexually violent" crime. So Jones contends he could be sentenced only for a level 5 felony sentence crime, as stated in the complaint. He maintains that his due process rights are violated otherwise, as he was not properly put on notice by the charge in the complaint.

Jones concedes that he raises this issue for the first time on appeal. Once again, he lists exceptions to the general rule that claims—even constitutional claims—will not be addressed for the first time on appeal. He does not, however, explain why the issue was not raised to the district court. Although we could decline to consider the merits of Jones' claim, see *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014); *Godfrey*, 301 Kan. at 1044, we choose to reach its merits because this issue presents a question of law arising on proved or admitted facts and review may be necessary to prevent the denial of Jones' fundamental right to due process of law. See State v. *Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Because resolution of this issue involves the interpretation constitutional provisions and written instruments, our standard of review is de novo. *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016).

The State cites this court's decision in *State v. Tannahill*, No. 100,288, 2010 WL 198484 (Kan. App. 2010) (unpublished opinion). That panel addressed and rejected the same claim Jones makes here.

27

*Tannahill* involved an appellant sentenced as a persistent sex offender based on a previous conviction for aggravated indecent liberties. On appeal, he argued that the State should have been precluded from using his past conviction to sentence him as a persistent sex offender because the complaint filed against him did not reference the possibility that a greater sentence could be imposed. In rejecting Tannahill's argument, the panel first determined that Tannahill was aware of his earlier convictions. And citing *State v. Moody*, 282 Kan. 181, 197-98, 144 P.3d 612 (2006), the panel also noted that Tannahill's complaint properly reflected the correct severity level of the offense and that Tannahill failed to show prejudice. 2010 WL 198484, at *1-2. Using *Tannahill* as guidance, we deny Jones' claim.

"'No harm will be found from a technical defect in the charging document unless it prejudiced the defendant's ability to prepare a defense, impaired the defendant's ability to plead the conviction in some later proceeding, or limited the defendant's substantial rights to a fair trial.'" *Tannahill*, 2010 WL 198484, at *2 (citing *State v. Edwards*, 39 Kan. App. 2d 300, Syl. ¶ 5, 179 P.3d 472 [2008]). No such prejudice has been shown here.

Jones was aware he had prior convictions and knew that he was facing a sentence of life without the possibility of parole. In this regard, Jones knew he was not allowed to have contact with minors and at the hearing on the State's motion to admit evidence of Jones' prior convictions, his convictions were discussed at length. The record also shows that at the beginning of Jones' sentencing hearing, defense counsel stated: "I realize the Court is faced with a sentence of life with no possibility of parole. We would obviously object to that as cruel and unusual punishment." And Jones' complaint correctly noted that he was being charged with sexual exploitation of a child, a severity level 5, nondrug, person felony. Under these circumstances, we find that although the complaint lacked information about Jones' prior offenses, Jones may still be sentenced according to his criminal history and the applicable statutory provisions, including the persistent sex offender statutes.

*Conclusion*

For the reasons explained above, we affirm Jones' convictions for counts one and three, reverse his convictions for counts two and four, vacate his sentence, and remand for resentencing as a persistent sex offender.

Affirmed in part, reversed in part, sentence vacated, and remanded with directions.